BILLINGS v. TEELING ET AL.

**Clerk of Court**: OFFICIAL BOND: TENDER. In an action upon the official bond of the clerk of a court to recover the amount of a tender deposited in a case, the fact that the money was not legal tender constitutes no defense.

*Appeal from Floyd Circuit Court.*

WEDNESDAY, JUNE 16.

THIS is an action upon the official bond of defendant, Teeling, who was duly qualified as Clerk of the District Court of Floyd county in 1869, to recover certain moneys deposited with his predecessor in office as a tender in a cause pending in the court of which he was clerk, and received by him upon assuming the office. The money was paid to Teeling. He was elected and qualified for a second term of office, and defendants set up in their answer that the money for which suit is brought was in his hands at the expiration of his first term and held by him at the beginning of the second term. There was a verdict for defendants which the court upon motion of plaintiff set aside and ordered a new trial; from this order defendants appeal.

*Starr, Patterson & Harrison,* for appellants.

*Pratt & Root,* for appellees.

BECK, J.—The motion of plaintiff to set aside the verdict and for a new trial was based upon rulings of the court in admitting and rejecting evidence and upon certain instructions given to the jury. A brief statement of facts will serve to present the points which we deem necessary to be considered. The defalcation of the officer whose bond is the foundation of the action is admitted, but appellants insist that it occurred during a subsequent term and not during the term for which the bond was given. The money which was paid to his predecessor as a tender in a pending action and received by the officer at the commencement of his first term, it is claimed, was in his hands at the end of that term. Evidence was given as to the character of the money received by defendant, upon the question whether it was United States Treasury Notes or currency which was not a legal tender. The court instructed the jury that a tender should be in legal tender now and the fact that a tender was made in court does not raise a presumption that the money tendered was of that kind and, to establish such a tender, proof must be made that the money was in legal tender notes. · Without inquiring whether this instruction presents a correct principle of law, we are clearly of the opinion that it had no relevancy to the case and was calculated to mislead the jury.

Whether the money was or was not legal tender is a question that had nothing to do with the case. Whatever was its character, the defendant, having received it officially, was liable in that capacity to the party entitled to receive it. There is no question made as to plaintiff's right to the money and that it was demanded of the officer. If the tender should have been made in legal tender notes, the party for whose use it was deposited alone could raise the objection that it was not that kind of money.

The instruction directed the attention of the jury to a subject of inquiry not properly in the case and, as they were not so directed in other instructions that they would not have been misled by it, we are required to presume that it operated to plaintiff's prejudice, and that the court, upon a reconsideration

of the instruction so thought, and for that reason set aside the verdict.

It is unnecessary for us to consider other rulings of the court upon the instructions, admission of evidence, and a showing of newly discovered evidence, as the order setting aside the verdict is sufficiently justified by the error just pointed out, and must therefore be affirmed. We are well satisfied with this ruling of the court below for the further reason that there was ample ground for setting aside the verdict as being in conflict with the evidence. We would not disturb the ruling had it been based solely on this ground.

AFFIRMED.