Filed June 17, 1890.

———————◆———————

No. 14,270.

HUNT ET AL. *v.* THE STATE, EX REL. CITY OF ANDERSON.

CITY TREASURER.—*Misappropriation of Funds.—Sureties on Official Bond.— Liability.*—Where a city treasurer loans funds of the city under the direction of the city council, and takes notes therefor approved by the council, payable to him as treasurer, the sureties on his bond are liable for the interest collected for which he has failed to account.

From the Madison Circuit Court.

*H. D. Thompson,* for appellants.

*E. B. Goodykoontz* and *F. P. Foster,* for appellee.

BERKSHIRE, C. J.—This was an action brought in the court below against the appellant Hunt and his sureties upon his official bond as the treasurer of said city.

Several specifications of error are assigned, but, if upon the whole case as presented in the record, we find that a correct conclusion has been reached, it will not be necessary for us to take up and consider the specifications of error *seriatim.* After carefully reading the record we are satisfied that a right result was attained in the trial court, and, therefore, its judgment should be affirmed.

The following facts are established beyond controversy:

1. The appellant Hunt, as the treasurer of said city, had in his hands of the funds of said city the sum of $10,000.

2. The city counsel determined to loan said money for the benefit of the city, and through two of its members a loan was negotiated with one John W. Lovett at four per cent. per annum.

3. After said loan had been agreed upon, the said city council approved of two promissory notes presented to them for approval, one for the sum of $4,500, and another for the sum of $5,500, payable at different dates, and signed by the said John W. Lovett and two other persons, his sureties, and ordered and directed the said appellant to accept said notes and make said loan ; all of which proceedings of said city council were duly recorded in the records of its proceedings.

4. That afterwards the said appellant made the said loan pursuant to the directions of said city council and accepted said notes, which were made payable to the " treasurer of the city of Anderson, Indiana."

5. That after the said notes came into his hands, the appellant recognized them as a part of the financial resources of the city, by his reports made to the city council, and by the manner in which he kept his accounts with the city.

6. That on account of said loan, the said appellant collected the interest sued for and has not accounted for the same.

Whether or not the appellant could have refused to make the loan as instructed by the city council, or could have made it on his individual account and independent of the city council, are not questions arising in the record. Let it be conceded, by way of argument, that the appellant could have made the loan upon his own individual responsibility, taking notes therefor payable to himself, and that he would then have been entitled to the usufruct. This he did not do. He loaned the money under the direction of the city council and took the notes which the council had approved, not payable to Andrew T. Hunt, but to the "treasurer of the city of Anderson." He could not make a loan of city funds in his official capacity which would enure to his individual benefit; his official acts belonged to the city of which he was an officer, and whatever benefits were derived therefrom enured to the city. The money sued for being money coming into his hands in his official capacity, the appellant and his sureties are liable on their bond therefor.

There was no error in overruling the motion to modify the judgment, for the reason that it appears from the record that the interest paid on the $4,500 was still in the hands of the appellant when the bond in suit was executed.

Judgment affirmed, with costs.

Filed June 17, 1890.