Commonwealth v. Godshaw, &c., etc.

CASE 79—PETITIONS—DECEMBER 3.

# Commonwealth v. Godshaw, &c.
## Same v. Same.

APPEALS FROM FRANKLIN CIRCUIT COURT.

# Commonwealth v. Godshaw, Trustee, &c.
## Same v. Same.

APPEALS FROM JEFFERSON CIRCUIT COURT.

| 92 | 435 |
|----|-----|
| 116 | 415 |
| 92 | 435 |
| 116 | 415 |
| 92 | 435 |
| 123 | 613 |
| 92 | 435 |
| 125 | 412 |

1. TRUSTEE OF JURY FUND ENTITLED TO INTEREST RECEIVED BY HIM ON PUBLIC MONEY.—A public official whose duty it is to collect and receive money is bound for the money at all hazards, unless he is required by law to place it in some safe depository as the money of the State, and if the money is lost or stolen his plea of diligence constitutes no defense. Therefore, he is not chargeable with interest on the public funds in his hands, although he may have received interest.

In this case it is held that the trustee of the jury fund is not liable to the State for interest on public money properly in his hands.

2. CONSTITUTIONAL LAW—TITLE OF ACT—REPEAL OF STATUTE.—Section 5 of article 8 of the present revenue law (chapter 92, General Statutes), which provides that the Circuit and County Clerks shall pay over to the trustee of the jury fund only so much of the public money received by them as the court may by order direct as being necessary for the payment of jurors, relates to the revenue of the State, and its subject is sufficiently expressed by the title, " Revenue and Taxation." Therefore the section is not unconstitutional upon the ground that it relates to a subject not expressed in the title of the act. And being inconsistent with section 8, of article 6, chapter 62, of the General Statutes, which provides that the court shall order the clerks to pay over to the trustee of the jury fund all the public money in their hands, it repeals that section. Therefore, a trustee of the jury fund is liable for interest received by him on deposits of the public money improperly paid over to him by the clerk, since the present revenue law went into effect, although the money was paid to him under order of court.

3. DECISION OF FISCAL COURT BINDING ON OTHER COURTS.—The Franklin Circuit Court, the fiscal court of the Commonwealth, having held in an action by the Commonwealth against the trustee of the jury fund of Jefferson county, that the statute requiring the court to order the clerk to pay over to the trustee of the jury fund only so much of the public money in his hands as was necessary for the payment of jurors was unconstitutional, that decision was binding on the Jefferson Circuit Court until reversed; and upon a motion in that court by the trustee of the jury fund to require the clerk to pay over all the public money in his hands it was proper for that court to follow the decision of the fiscal court and to make the order. But the judgment of the fiscal court being erroneous, both it and the order of the Jefferson Circuit Court must be reversed.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLANT.

1. When the trustee of the jury fund voluntarily assumes to lend out the State's money on his own responsibility the profit belongs to the State and not to him.

2. The allegations of the petitions are as specific as the pleader could make them.

3. Section 5, of article 8, of the revenue law, is properly found under the title "Revenue and Taxation," and must be construed to repeal all laws inconsistent with it.

WM. LINDSAY FOR APPELLEE.

1. The Franklin Circuit Court did not have jurisdiction of the two actions brought in that court. The settlements intended to be surcharged

Commonwealth v. Godshaw, &c., etc.

by the Franklin Circuit Court are such as are *ex parte* in their nature.

A settlement of the trustee of the jury fund is not an *ex parte* settlement. (Commonwealth v. Cain, 80 Ky., 318.)

2. It was the duty of the circuit court to order the trustee of the jury fund to receive, hold and account for all the moneys alleged to have been received by him. (Gen. Stats., chap. 62, art. 6, sec. 8.)

3. Godshaw was entitled to commissions on all the sums for which he was entitled to credit whether paid out to jurors or paid into the treasury. (Gen. Stats., chap. 62, art. 6, sec. 10; Commonwealth v. Cain, Commonwealth v. Fields, MS. Ops., Nov. 23, 1880.)

4. The trustee of the jury fund is not a mere bailee or custodian, but is a debtor holding the money collected as his own. (Snapp v. Commonwealth, 82 Ky., 173.)

Therefore he is entitled to the interest he may receive on the fund.

5. Section 5, of article 8, of the Hewitt Revenue Law, which directs the payment to the trustee of the jury fund of only so much money as may be necessary for the payment of jurors does not repeal section 8, article 6, chapter 62, General Statutes, the subject of the section not being expressed in the title of the Act. (Broadus v. Broadus, 10 Bush, 308; Grundy v. Commonwealth, 12 Bush, 353; Pennington v. Woolfolk, 79 Ky., 3; Rushing v. Sebree, 12 Bush, 199; Chiles v. Monroe, 4 Met., 75.)

O'NEAL, JACKSON & PHELPS ON SAME SIDE.

1. The petitions are not sufficient because they do not specify the particular items sought to be surcharged and falsified. (Tanner v. Skinner, 11 Bush, 129; Wooldridge v. Watkins, 3 Bibb, 351.)

2. The court did right in ordering into the hands of the trustee of the jury fund the whole amount of the public money reported by the clerks of the circuit and county courts, and he was entitled to commission on the whole amount and not merely on so much as was paid to jurors. (Gen. Stats., chap. 62, art. 6, secs. 1, 2, 3 and 8; Commonwealth v. Cain, Commonwealth v. Fields, MS. Ops.)

3. Godshaw was entitled to the interest received by him upon his deposits in bank. He was not required to hold the fund in kind or specie. (Snapp v. Commonwealth, 82 Ky., 173.)

4. Section 5, of article 8, of the Hewitt Revenue Law, did not repeal section 8, of article 6, chapter 62, General Statutes, for the reason that the subject is not expressed in the title of the Act. (Pennington v. Woolfolk, 79 Ky., 13; Grundy v. Commonwealth, 12 Bush, 350; Rushing v. Sebree, 12 Bush, 198; Childs & Thomas v. Monroe, 4 Met., 72; Broadus v. Broadus, 10 Bush, 299.)

5. Even if section 8, of article 6, chapter 62, General Statutes, was repealed by the Hewitt revenue law it was re-enacted by being incorporated in the edition of the General Statutes, published in 1887,

which has been declared by the Legislature to constitute the General Statutes of the Commonwealth.

**ST. JOHN BOYLE** ON SAME SIDE.

The trustee of the jury fund bears the same relation to the Commonwealth as sheriffs, tax collectors and similar officers, and all such officers are liable absolutely and at all events for any public moneys received, though it be lost by inevitable casualty or even destroyed by act of God. (Linville v. Leinger, 72 Ind., 491; State v. Powell, 67 Mo., 935; Bocard v. State, 78 Ind., 270; State v. Harper, 6 Ohio St., 607; Colrain v. Bell, 9 Met., 499; New Providence v. McEachron, 33 N. J. Law, 339; U. S. v. Truman, 1 Woodbury & M., 45; U. S. v. Prescott, 3 How., 578; Pirley v. Muskegon, 32 Mich., 132; Commonwealth v. Conly, 3 Pa. St., 372; Snapp v. Commonwealth, 82 Ky., 173.)

Therefore the State is not entitled to the interest he may receive on the public money deposited by him in bank. (Shelton v. State, 53 Ind., 331.)

**JUDGE PRYOR** DELIVERED THE OPINION OF THE COURT.

The State brought two actions in the Franklin Circuit Court against Charles Godshaw and his sureties, on his official bond, as the trustee of the jury fund for Jefferson county. The court was sitting as the fiscal court of the State and the Commonwealth was seeking to recover moneys, as alleged, that had been collected by Godshaw, as trustee of the jury fund, and had not been paid over. The court below adjudged that the Commonwealth failed to state a cause of action and dismissed the petitions. Upon the dismissal of the petitions Godshaw, the trustee of the jury fund (there being money in the hands of the Clerk of the Jefferson Circuit Court belonging to the fund), moved that court to require this money to be paid over to him, claiming that the act authorizing the clerk to pay the sum left, after paying the trustee of the jury fund a sum sufficient to pay the jurors, into the treasury of the State, was unconstitutional. There were two motions, one at each settlement, made by the trustee, and

both sustained and the money directed to be paid over to him. From the judgment on the two motions rendered in the Jefferson Circuit Court and the judgment dismissing the two actions in the Franklin Circuit Court the Commonwealth has appealed. The four appeals will be considered together, as they involve the same question. During the period Godshaw, the appellant, was trustee of the jury fund, he collected and received large sums of money as such, and when collected would deposit the funds in bank or some other safe depository and realized in addition to his commission three per cent. interest on this money. He settled his accounts regularly and at the time required by law, and made his payments to the auditor in the same manner, but failed to account for the interest received on the deposits made by him. To recover this interest is the object of the two actions in the Franklin Circuit Court, and the question we shall first consider on this appeal is his liability for this interest up to the time the law was changed, under which the clerk was required to pay the money into the treasury after paying to the trustee of the jury fund a sum sufficient to pay the jurors. This change in the law was made to take effect from the 14th of September, 1886. Should Godshaw be made liable for this interest received by him from his qualification in 1880 up to the change of the law made in September, 1886?

It is conceded in argument, and in fact admitted in the pleadings, that his settlements were regularly made, and that he paid into the treasury, at the stipulated periods required by the statute, all the money that was in his hands but the three per cent. received on the deposits less his commission. The trustee of the jury fund is a public

official required to be appointed by the circuit court of each county, holding his office for four years and until his successor is qualified. He is required to give bond with surety that he will discharge the duties of his office and account for and pay over all public money in his hands. (Chapter 62, section 2, article 6, General Statutes.) He is required to collect fines and forfeitures and other sources of revenue that is applied to the payment of jurors by law; to settle with the auditor and pay the balance in his hands at the period fixed by law. That he is a public officer charged with the collection of public dues is a conceded fact. It is claimed by the Commonwealth that his relation to the State is similar to that of a private trustee and subject to the same rules of law, and that where he makes profit on the fund in his hands he should be held to account for it in the same manner.

There is a plain distinction between the liability of a trustee charged with the control of private property for the benefit of others and public officers who are charged with the duty of collecting the public money. If a trustee of property for the benefit of others and loses the estate or the money he is not liable for the loss when it appears that he has exercised prudent care in preserving it. If it is money and kept in a safe or other proper place for the time being and is stolen without any fault on the part of the trustee he is not responsible; but in the case of a public official whose duty it is to collect and receive money (unless he is required by law to place it in some safe depository as the money of the State), if the money should be stolen or lost his plea of the greatest care and diligence in its preservation constitutes no defense. He becomes liable for the loss and must account for it. To

hold that the specific money vested in the State as soon as it reached the trustee's hands would be to make his plea of care and diligence a sufficient defense, and to adopt such a rule would enable corrupt public officials intrusted with the collection of public money to rob and defraud the State at their will and pleasure. We find no provision that this money shall be treated as the money of the State. Nothing is prescribed as to the mode of keeping it or the place of depositing it. Money paid into the treasury becomes the money of the State because it is required to be paid into the treasury as such; and the law requiring the money to be deposited in certain banks, when the treasurer does this and the money is lost he is not accountable unless by his neglect. The whole theory of the public official being bound for the money at all hazards is, that by the terms of his bond he agrees to pay the money over when collected without any condition annexed to his liability, and that as between the State and the official in determining this liability it must be treated as his money and not that of the State. In what particular has Godshaw been guilty of a breach of his bond? He has paid over all the money and settled as the law requires. He could have mingled the money with his own, and perhaps did so, or could have deposited it in any other place than the bank. He and his sureties were liable for it, and when paid at the times required there can be no breach of their obligation.

In Perley v. County of Muskegon, 32 Mich., 132, it was held that a county treasurer becomes responsible as a debtor and the liability absolute and not affected by unavoidable loss or accident, and in that case it is said when the official is required by law to make his deposits

at a particular place or with a particular person a different rule applies.

In the case of the Commonwealth v. Comly, 3 Pa. St., 372, the defense of the collector was that the money had been stolen. It was held to constitute no defense, the court saying that keepers of public moneys are to be held strictly to their contract, for if they were to be let off on shallow pretenses, delinquencies, which are fearfully frequent already, would be incessant. (See also State of Ohio v. Harper, 6 Ohio St., 607; United States v. Prescott, 3 How., 578; Linville v. Leininger, 72 Ind., 491.)

In all such cases the official is held bound by his contract requiring him to pay over the moneys in his hands, and nothing but a payment, as required by the law under which he acts, will satisfy the State. It is proposed, however, by the Commonwealth to go further and to make the appellee responsible not only for what he received and collected but for the interest on the deposit.

In the case of Shelton v. The State, reported in 53 Ind., 331, it was held as a result of the liability of an official who is made by the terms of his bond an insurer of the money, that the rule in regard to ordinary trustees holding for the *cestui que trust* should not apply to public officers; stating the correct rule to be the payment over and accounting for the money received by him, as the law required, and that he was not liable for interest received on the money deposited in bank. (Bocard v. State, 79 Ind., 270.)

This court, in the case of Snapp v. The Commonwealth, reported in 82 Ky., 173, held the same doctrine. And when an official who is a collecting officer complies with the stipulations of his bond by complying with its letter as

well as spirit he should not be compelled to account for interest on the deposits received between the interval of receiving and paying it out. It results, therefore, that no recovery can be had for this interest either of the principal or the surety collected up to the 14th of September, 1886.

The legislative enactment, which became effectual at that date, required the clerk to pay this money into the treasury that belonged to the jury fund after paying to the trustee so much of the fund as the court may by order deem necessary for the payment of jurors. If this enactment repealed the law under which the trustee derived this power, then it follows that from that date the clerk and not the trustee was entitled to receive this money and to pay it into the treasury. Under the title of Juries, Grand and Petit, chapter 62, General Statutes, article 6, the trustee derived his powers, and the act passed subsequently to that enactment is found under the title of Revenue and Taxation, chapter 92. It is argued that there is no express repeal of the provision under chapter 62, under which the appellee claims his right to receive this money by the act of the 14th of September, 1886, and if there was, that the latter act is unconstitutional by reason of the title under which it appears. The title is *Revenue and Taxation*, and when this money is collected it becomes a part of the revenue of the State when ordered to be paid. Its collection and payment is directly connected with the subject of the title, and hence we find many of the duties of the sheriffs, clerks, assessors and other public officers defined and regulated by the provisions of this chapter because those duties pertain to and affect directly the revenue of the State; and to adjudge that

this provision was unconstitutional because of the title would in effect nullify the entire revenue law. We find the mode of appointment of sheriffs, clerks, assessors, etc., and their duties in many particulars, defined in other chapters of the statutes under the appropriate title of *sheriffs*, clerks, etc., and to hold that an act requiring the sheriff to pay over certain moneys as revenue was unconstitutional because not under the title of sheriff, or the duties of sheriffs, would be to prevent any legislation under this title defining the duties of those collecting and disbursing the public funds. The one act is in direct conflict with the other, and the act of September 14, 1886, being passed many years after, must be held as a repeal of the provision under which the appellee asserts the right to receive this money.

While we do not concur in the decision of either the Franklin or the Jefferson Circuit Court it seems to us that it was the duty of the judge of the Jefferson Circuit Court to follow the judgment of the Franklin Circuit Court. The identical question between the State and the appellee was raised in the Franklin Circuit Court, as to the right of the latter to receive and collect the entire jury fund after the passage of the act of the 14th of September, 1886, up to the years 1888 or 1889, and it was held by the Franklin Circuit Court that the last act did not repeal the former. That judgment was rendered, and until reversed was final. Some three months after that judgment the appellee moved the Jefferson Circuit Court to direct this money to be paid over to him, which was done by an order entered to that effect. The question was *res adjudicata* when made in the Jefferson Circuit, and whether the reasoning of the judge of

that court was right or wrong he was compelled to follow the judgment rendered by the fiscal court, upon the same subject matter, involving the same question and between the same parties.

The judgment of the Franklin Circuit Court in case No. 2 must be reversed, as that embraces the collection of interest by the trustee since 1886; and this necessitates the reversal of the judgment on motions 1 and 2 in the Jefferson Circuit Court.    Whatever interest the trustee has received on his deposits upon money received from the clerk or paid over to him under the order of court since September, 1886, he must account for.    Whatever interest he has received he must pay over, if he has not already done so.    The judgment in case No. 1 from Franklin Circuit Court is affirmed, as it affects the question of interest up to 1886, and reversed as to action No. 2. The judgment also reversed on motions 1 and 2 from the Jefferson Circuit Court.    Cause remanded for proceedings consistent with this opinion.