Argument for Appellant.

(April 19, 1906.)

## In re Appeal of HANS J. RICE.

[85 Pac. 1109.]

PUBLIC ADMINISTRATOR—FEES AND COMPENSATION—OFFICIAL LIABILITY.

1. A county treasurer is, under the constitution and laws of this state. *ex-officio* public administrator, and all fees and compensation received by him in his official capacity and as public administrator must be accounted for and reported to his county, and cannot be retained by him for his personal or individual use.

2. By virtue of holding the office of county treasurer, the individual becomes *ex-officio* public administrator, and is thereby and for that reason alone, qualified to become an administrator of an estate under subdivision 9 of section 5351, and section 5682, Revised Statutes, and any and all fees and compensation received by him by reason of discharging such duties belong to the county, and must be accounted for to the county.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for Shoshone County. Hon. Ralph T. Morgan, Judge.

Hans J. Rice, county treasurer of Shoshone county, and *ex-officio* public administrator, appealed from the action of the board of county commissioners of Shoshone county in refusing to him a quarter's salary as county treasurer, which order and action of the board was based on the neglect and refusal of the treasurer to account for the fees and compensation collected by him as public administrator. The district court sustained and affirmed the action of the board of commissioners, and the treasurer appealed therefrom. *Judgment affirmed.*

Henry P. Knight, for Appellant.

There must be a particular grant of authority before the county treasurer can administer any estate. (*Becker v.*

*Solover,* 7 Cal. 215, 68 Am. Dec. 237; *Rogers v. Hoberlin,* 11 Cal. 120; *Estate of Hamilton,* 34 Cal. 464.)

He does not administer by virtue of his office, because his duties under appointment by the probate court do not expire with the termination of his office as county treasurer, but he is required to administer to the final distribution of the estate, which frequently requires a term of years. (*Rogers v. Hoberlin, supra; In re Aveline's Estate,* 53 Cal. 260.)

Section 7, article 18 (fifth amendment), of the constitution of Idaho, relating to compensation of county officers, is not self-executing, and could not go into operation until laws had been enacted pursuant thereto. (*Blake v. Board of Commissioners of Ada County,* 5 Idaho, 163, 47 Pac. 734.)

Section 3 of the act of 1899 (Sess. Laws 1899, 406) provides that the clerk of the district court and *ex-officio* auditor and recorder shall receive a certain salary; that the assessor and *ex-officio* tax collector shall receive a certain salary, and makes no reference to the *ex-officio* public administrator. Under the well-established rules of interpretation of statutes, we must conclude that the legislature provided the fees mentioned in said act for the county treasurer, and at that time understood that the duties of such officer, under appointments made by the probate court, and the fees that he might receive, were not within the purview of its powers, and, therefore, did not legislate in regard to same.

The public administrator has a personal interest in administering upon an estate, and there could be no other personal interest except the interest in his fee. (*In re Healy's Estate,* 122 Cal. 162, 54 Pac. 736; *McLaughlin's Estate,* 103 Cal. 429, 37 Pac. 410; *In re Pingree's Estate,* 100 Cal. 78, 34 Pac. 521; *State v. Woody,* 20 Mont. 413, 51 Pac. 975.)

The right of the court to appoint an administrator for the estate of deceased persons is discretionary, and the public administrator is not entitled to such appointment as a matter of right. (*In re Harrison's Estate,* 135 Cal. 7, 66 Pac. 846.)

The public administrator has no power "*virtute officii*" to administer an estate unless the authority to do so has been

regularly conferred upon him by a court of competent juris-diction. His commission as a public officer will not suffice. (1 Abbott's Probate Law, art. 695.)

In New York and Missouri, the public administrator does administer under the statute by virtue of his office, and a particular grant of letters is not necessary, but that is not the rule in any of the Pacific states where the office is known.

James E. Gyde, for Respondent.

The county treasurer, who is *ex-officio* public administrator, is a county officer (Idaho Const., sec. 6, art. 18), and therefore comes under the provisions of section 7, article 18, and section 9, article 18 of the constitution of Idaho, in re-gard to accounting to the county for fees. (*Hillard v. Sho-shone County*, 3 Idaho, 107, 27 Pac. 678; *Ada County v. Gess*, 4 Idaho, 611, 43 Pac. 71; *Guheen v. Curtis*, 3 Idaho, 443, 31 Pac. 805; *Ada County v. Ryalls*, 4 Idaho, 365, 39 Pac. 556; *Woodward v. Board of Commrs.*, 5 Idaho, 524, 51 Pac. 143.)

Where no provision is made by law for the services of a public officer, it is to be assumed that he is to perform such services *gratis*, be such services ever so meritorious, and the court has no power in such cases to extend the statute so as to allow compensation, even though the failure to provide compensation is an oversight. (23 Am. & Eng. Ency. of Law, 390, and numerous cases cited there; *Garfield County v. Leonard*, 26 Colo. 145, 57 Pac. 693; Mechem on Public Offi-cers, sec. 856.)

The public administrator, after his term of office has ex-pired, is not compelled to act. He may, by rendering his ac-count and by proper petition, be relieved from the duties at any time. (*Los Angeles County v. Kellogg*, 146 Cal. 590, 80 Pac. 861.)

AILSHIE, J.—The only question to be determined on this appeal is whether or not the fees collected by the public ad-ministrator in administering upon estates under appointment and in the capacity of public administrator must be turned

in to the county or may be retained by him for his personal and individual benefit. Section 6 of article 18 of the constitution makes the county treasurer *ex-officio* public administrator. Chapter 13 of title 10 of the Code of Civil Procedure of 1887 prescribes the duties of the public administrator. By the provisions of that chapter he is required to give a separate bond in a sum not less than $2,000, conditioned as other official bonds; and section 5681 makes it his duty to take charge of certain estates therein enumerated without appointment and to administer same forthwith (section 5682). Section 5351, Revised Statutes, prescribes the order in which various persons and classes of persons are entitled to administer upon estates of deceased persons, and names the public administrator as ninth in order. An examination of the constitution and the various statutory provisions makes it clear to us that the county treasurer has certain official duties to perform and discharge as public administrator, and it is equally as clear that any fees or compensation received or collected by him for the discharge of such duties are necessarily received in his official capacity and chargeable to him in the same capacity. The fifth amendment to the constitution, being the amendment to section 7 of article 18, provides that all county officers and their deputies shall receive as "full compensation for their services fixed annual salaries to be paid quarterly out of the county treasury as other expenses are paid." The same section further provides that: "All fees which may come into his hands from whatever source over and above his actual necessary expenses shall be turned into the county treasury at the end of each quarter. He shall, at the end of each quarter, file with the clerk of the board of county commissioners a sworn statement accompanied by proper vouchers, showing all expenses incurred and all fees received, which must be audited by the board as other accounts."

Section 9 of article 18 makes it a felony for any county officer to neglect or refuse to comply with the provisions and requirements of section 7. Section 1 of the salary act of 1899 (Sess. Laws, 1899, p. 405) is a substantial reiteration of the

constitutional requirements hereinbefore referred to, and especially provides that the salaries of the various county officials shall be full compensation for the discharge of all their official duties and services. We have no hesitancy, therefore, in holding that all fees and compensation received by the public administrator as such, and in his official capacity, must be accounted for by such officer, and are chargeable against him by the county. In the case at bar it is stipulated that the officer "collected various fees for services performed by him under appointments made by the probate court, which said appointments were made because he was public administrator, in administering upon divers estates of deceased persons by virtue of such appointments." It will be seen from the stipulation that the appellant admits in this case that he has received fees and compensation in his capacity as public administrator. It therefore becomes unnecessary for us to determine in this case as to whether or not the public administrator is in fact entitled to charge and collect fees for administering on estates. We do hold, however, that he must account to his county for any and all fees which he has collected as such officer. The same course of reasoning adopted by this court in *Hillard v. Shoshone County,* 3 Idaho, 107, 27 Pac. 678, *Guheen v. Curtis,* 3 Idaho, 443, 31 Pac. 805, *Ada County v. Gess,* 4 Idaho, 611, 43 Pac. 71, and *Ada County v. Ryalls,* 4 Idaho, 365, 39 Pac. 556, is applicable in the case at bar. Counsel for appellant has placed considerable stress upon the fact that one who is holding the office of county treasurer might, under section 5351, Revised Statutes, become entitled to administer upon an estate by reason of the relation he sustained to the deceased person and in preference to his right as public administrator, and that in such event he could not be required to account for the fees and compensation received in the course of such administration. That question does not arise in this case, and we do not feel called upon to discuss it here. It is worthy of note that in every instance, except that of public administrator, it is necessary to petition the probate court for appointment, and give public notice and have a time fixed for hearing on the

application, and, after appointment is made, bond must be given. On the other hand, none of these things are necessary to entitle the public administrator as such to administer. It will be observed from section 5682, Revised Statutes, that letters may issue without notice, and that it is not even necessary for the public administrator to file an oath in each case.

The judgment must be affirmed, and it is so ordered. Costs awarded to respondent.

Stockslager, C. J., and Sullivan, J., concur.