(No. 5301.   January 7, 1929.)

MARY KIERNAN, Respondent, v. H. F. CLELAND, Public Administrator of Kootenai County, and KOOTENAI COUNTY, a Municipal Corporation, Appellants.

[273 Pac. 938.]

E. T. Knudson, for Appellants.

Ezra R. Whitla and W. B. McFarland, for Respondent.

GIVENS, **J.**—The appellant, county treasurer of Kootenai county and *ex-officio* public administrator, appointed administrator of the estate of John J. O'Brien, took possession of the estate on July 26, 1921, and held the same until February 1, 1928. During this time various sums of money came into the possession of the administrator, totaling between $9,337.86 on August 31, 1921, and $6,841.59 on Jan-

uary 31, 1928, and this money was deposited in the American Trust Company, a banking institution in Kootenai county, to the account of H. F. Cleland, treasurer of Kootenai county, the bank paying to appellant as treasurer on these funds as well as on other funds deposited by appellant as county treasurer two and one-half per cent on an average daily balance from August 31, 1921, to July 31, 1926, and two per cent thereafter to January 31, 1928. The interest compounded, the same as on other funds deposited by appellant Cleland in his official capacity, aggregated $1,367.24.

Respondent herein, having been adjudged to be the sole heir of the deceased O'Brien, claims that she is entitled to the interest so paid by the bank to appellant on these funds. Appellant, on the other hand, contends that the interest belongs to Kootenai county.

Respondent contends that under the Public Depository Law, 1921 Session Laws, chap. 256, page 557, no provision was specifically made for the deposit by the public administrator of funds in his hands as public moneys, and that consequently the interest on these funds, under the terms of this act, did not belong to the county; and that, since sec. 28a, added to the depository law by 1925 Session Laws, chap. 45, page 70, required the deposit by the public administrator of the funds in his hands as such in a public administrator's account and that this was not done, these moneys did not, after the 1925 act became effective, become public moneys as defined in that act (sec. 4a and sec. 24), and that therefore, though generally the act of 1925 provided for the deposit of funds by a public administrator in his hands as public moneys, no such deposit was made in the instant case, and for that reason no interest could be collected after February 20, the act carrying an emergency clause and going into effect on that day. It is appellant's contention that under both acts, these moneys, when in the hands of the public administrator, may only earn interest if considered as "public moneys," the interest thereon belonging to the county as the depositing unit.

If, under the 1921 act, the deposit was made without authority of law, *Drainage District v. Ada County,* 38 Ida. 778, 226 Pac. 290, would apply and the owner of the fund, respondent here, would be entitled to the interest. Furthermore, under the 1921 act, by reason of the absence of a special provision declaring funds in the hands of the public administrator, as such, public moneys, though they would perhaps not, as a matter of right, be entitled to earn interest, if the bank voluntarily paid interest on the same, though there is nothing in the record to indicate that the bank herein knew that the funds were administrator's funds as distinguished from other moneys deposited by the treasurer, the interest would properly go to the real owner. (*Southern Oregon Co. v. Gage,* 100 Or. 424, 197 Pac. 276.) There is no question here of the bank seeking to recover the interest. The controversy is solely, in effect, between the county and the heir.

The question, therefore, of whether these funds were or were not designated by the two acts as public moneys so as to entitle the county to any interest earned, does not, it seems to us, fully meet the situation.

The 1921 act, by sec. 2, was to cover only the deposits made by "all political subdivisions and . . . . municipal and *quasi*-municipal corporations of the state, having power to levy taxes or assessments. . . . . " The depositing units were enumerated in sec. 4 and did not include the public administrator as such, he being added by sec. 4a as added by sec. 2 of the 1925 act.

By sec. 6 of the 1921 act, the treasurer is the official custodian of the funds of the depositing unit. Section 24 provided that where funds of a depositing unit were not less than $1,000, they should be deposited in the depository. Sec. 29 provided for the payment of interest. Thus it will be seen that the 1921 act did not provide for the deposit by the treasurer as *ex-officio* public administrator of the funds in his hands as such, and therefore while not necessary to say that the deposit by the public administrator of the funds in question as they were, was contrary to the 1921

act, it was not in compliance with any provisions thereof, and the interest coming into his hands not belonging to the county because of sec. 34 of the 1921 act and of C. S., sec. 7686, the interest naturally followed the fund, which fund clearly by the 1921 act was not included in the classification of "public funds or moneys," the phrase used in the act.

Turning now to the 1925 act, we find in sec. 4, as amended, the following classification of depositing units:

Municipal corporations with taxing power for which the county treasurer does not act as treasurer, and counties, provided that as to the funds of these taxing bodies and all other taxing bodies which might have funds in the hands of the county treasurer, the county as to such funds was the depositing unit. The obvious intent of these provisions was to bring such funds temporarily, as it were, in the hands of the county treasurer under the protection of the depository bond running to the county. It will thus be seen that in sec. 4, as amended, we have considered counties and municipalities. By sec. 4a we have added a definition of "public moneys" which includes all of the above kinds of funds and also county taxes collected by the tax collector and money in the hands of the public administrator. By sec. 3 of the 1925 act, amending sec. 6 the treasurer is the official custodian of the public moneys. Thus the legislature considered that to authorize the deposit by a public administrator of funds in his hands, the amendments noted and mentioned above were necessary. It will be noticed that the above sections do no more than give "custody" of the public funds to the county treasurer or the county. Sec. 2 of the 1925 act adding sec. 4a does not define "public moneys" as moneys belonging to the depositing unit but as "coming into the hands of" the county, thus recognizing ownership as to some of such funds in others than the county. Sec. 10 of the 1925 act amending sec. 24 provides for the deposit of public moneys. By sec. 28a, funds in the hands of the public administrator, while part of the public moneys, are

to be kept in separate accounts and subject to the check of the public administrator, and sec. 13 amending sec. 29 does not provide that interest should be paid to the depositing unit other than for the privilege of keeping the money. It does not specify to whom the interest shall belong which is provided in sec. 5 of the 1925 act amending sec. 17 of the 1921 act as will be hereafter further elucidated.

By sec. 30 of the 1921 act, all interest received was to be credited to the current expense fund of the county and it is argued that the interest now must go to county expense funds which negatives the idea that it shall belong to the estate of the deceased. If the above section be construed as providing that the interest on public administrator's funds goes to the county, then the county, in effect, the public administrator (*In re Rice,* 12 Ida. 305, 85 Pac. 1109) is making a profit out of the estate contrary to C. S., sec. 7686, and the general and well-known rule that administrators or trustees generally may not profit by their trust other than to receive the fees regularly provided.

There is, however, a special provision in the 1925 act with regard to the deposit of funds in the hands of a public administrator. Sec. 5 of the 1925 act, providing for the form of the depository bond, is, in part, as follows:

''Now therefore, if said ——— bank of ——— shall at the beginning of each and every month render to the treasurer and to the auditor or clerk of said depositing unit a statement showing the daily balance of the public moneys held by it during the month next preceding, and the interest thereon, and shall well and truly keep all such sums of money so deposited, or to be deposited, as aforesaid, and interest thereon, subject at all times to the check or order of the said treasurer, as aforesaid (and in the case of deposits made by the tax collector or public administrator, then subject to the check or order of such tax collector or public administrator) and shall pay the same over, or any part thereof, upon the check or written demand of ——— such officer, so depositing the same, or to his successor in office, as shall be by him demanded, and shall

credit and pay said interest aforesaid, and shall in all respects, save and keep the depositing unit and the ————
officer thereof depositing the same, and his successors in office harmless and indemnified for and by reason of the making of said deposit, or deposits, then this obligation shall be void and of no effect, otherwise to be and remain in full force and virtue.''

The depository is required to keep the principal and interest subject to the check or order of the treasurer and in the case of a deposit by the public administrator, subject to his check, thus differentiating between the treasurer and the public administrator. Money deposited by the treasurer as such may be paid out when consisting of county money, only on the order of the county commissioners. C. S., sec. 3562, subd. 6; and the current expense fund mentioned in the 1921 act is thus under the control of the county commissioners while the form of the bond clearly intended that the funds of the public administrator should not be so held. The settlement by the tax collector of funds in his possession is provided by C. S., secs. 3323–3330, as amended. The specific provisions with regard to the deposit of the interest contained in sec. 5 of the 1925 act supersede sec. 30 of the 1921 act as to the disposition of the interest on the public administrator's funds because it has specific reference to such interest and is the latest legislative expression on this particular question. In other words, the interest on the public administrator's funds is in the possession of the public administrator and its disposition does not require action by the county commissioners which would be the case if it were in the general fund.

The legislature intended to keep the funds in the hands of the public administrator distinct from other funds and while public moneys for the purpose of protection, they are not public moneys as in any sense belonging to others than the beneficiaries.

The following authorities are in point:

In *Rhea v. Brewster*, 130 Iowa, 729, 8 Ann. Cas. 389, 107 N. W. 940, funds were deposited with the clerk of the

district court pending litigation. The money was placed at interest. The controversy was whether the party who had made the deposit with the clerk was entitled to interest. The court held that the party who made the deposit was entitled to the interest, reviewing the rights of the custodian in such cases. See, also, *State v. Schamber*, 39 S. D. 492, 165 N. W. 241, L. R. A. 1918E, 803; *Butte v. Goodwin*, 47 Mont. 155, Ann. Cas. 1914C, 1012, 134 Pac. 670.

The judgment is affirmed. Costs to respondent.

Budge, C. J., Taylor and Wm. E. Lee, JJ., and Hartson, D. J., concur.