(September 12, 1891.)

## HILLARD, CLERK OF DISTRICT COURT, v. SHOSHONE COUNTY.

[27 Pac. 678.] ·

DISTRICT COURT CLERK—COMPENSATION ALLOWED BY CONSTITUTION—
SELF-OPERATIVE SECTIONS OF CONSTITUTION.—Section 16 of article
5 of the constitution provides for the election of a clerk of the
district court for each county. Section 6 of article 18 provides
that the clerk of the district court shall be *ex-officio* auditor and
recorder. Section 7 of the same article provides that the compen-
sation of this officer, for all the duties he shall perform as such
officer, shall not exceed $3,000, nor fall below $500, for any one
year. Held, that these sections are self-operative.

MAXIMUM AND MINIMUM COMPENSATION OF CLERK OF DISTRICT COURT.
That the clerk of the district court, as such clerk, and as auditor
and recorder, for the performance of all his duties therein cannot
receive, for his own use, a greater sum than $3,000 for any one
year; and such compensation must be derived from fees and
commissions. If such fees and commissions fall below the mini-
mum, then the county must make up such deficiency.

(Syllabus by the court.)

APPEAL from District Court, Shoshone County.

Woods & Heyburn (J. Bruback, of Counsel), for Appellant.

It is the clerk of the district court who shall receive the com-
pensation, not the auditor and recorder. (*Lathrop v. Brittain,*
30 Cal. 680; *People v. Edwards,* 9 Cal. 292; *Kinsey v. Kellogg,*
65 Cal. 112, 3 Pac. 405.)

Charles W. O'Neil, District Attorney, and George H. Rob-
erts, Attorney General (Albert Hagan, of Counsel), for Re-
spondent.

When the constitution declares the amount to be paid an
officer, it is an appropriation made by law, and no act of the
legislature is necessary. (*State v. Weston,* 4 Neb. 216; *Thomas
v. Owens,* 4 Md. 189; *People v. Hoge,* 55 Cal. 612-618; *State
v. Holladay,* 64 Mo. 526.) A constitutional provision is self-
executing if it supplies a sufficient rule by means of which the

right given may be enjoyed and protected, or the duty imposed may be enforced. (Cooley's Constitutional Limitations, 5th ed., p. 100, sec. 83.) A law applicable to all the counties of the state, and to all the county officers with which it deals, is neither a local nor a special law. (*People v. Henshaw,* 76 Cal. 444, 18 Pac. 413; *Cody v. Murphey,* 89 Cal. 522, 26 Pac. 1081; *Longan v. County of Solano,* 65 Cal. 125, 3 Pac. 463; *Thomason v. Ashworth,* 73 Cal. 73, 14 Pac. 615; *Knickerbocker v. People,* 102 Ill. 229.)

MORGAN, J.—On the fourteenth day of April, 1891, the plaintiff presented to the board of county commissioners of Shoshone county his bill for services rendered as clerk of the district court for Shoshone county, as follows:

March 31st, 1891. To salary as clerk of district court,
    for the quarter ending March 31, 1891............ $125.00
To certified copies of sundry indictments, commitments, journal entries and judgments, 524 folios, at
    20 cents per folio............................. 104.80

Amounting in all to the sum of................. $229.80

Verified in due form by the plaintiff.

The said board, after duly considering the said bill, entered the following order:

"At a regular meeting of the board, held the fourteenth day of April, 1891, the within bill of Barry N. Hillard, made out under the provisions of the Revised Statutes of Idaho, is by the board of county commissioners of said county considered correct; but the same is hereby disallowed, for the reason that the board of county commissioners think that all officers work under the constitution of the state of Idaho, and laws enacted thereunder.                    C. KRAUS,
                                    "Chairman."

The plainiff thereupon appealed from the action of said board, and from said order, to the district court of the first judicial district of the state of Idaho, in and for Shoshone county. On

the fourth day of June, 1891, the said court affirmed the order of the board of county commissioners aforesaid, disallowing said bill. From the judgment of the said court the plaintiff brings the cause to this court.

In the argument of appellant's counsel it is stated that the only question involved in this appeal is, Does section 7, article 18 of the constitution make any provision for a salary to be paid to the auditor and recorder? and then proceeds in the argument to show that the offices of clerk of the district court and auditor and recorder, though held by one person, are separate and distinct offices, and cites a list of authorities from the California Reports tending to sustain that position. We do not think this is the real point in this case. The real question is, Was it the intention of the framers of the constitution that the person who held the offices of clerk of the district court and auditor and recorder, both offices being united in one person, should not receive more than the sum of $3,000, nor less than $500, for his services in both positions, and have they so expressed themselves in the constitution? Section 16 of article 5 of the constitution is as follows: "A clerk of the district court for each county shall be elected by the qualified voters thereof, at the time and in the manner prescribed by law for the election of members of the legislature, and shall hold his office for the term of four years." It will be noticed that this officer does not hold the same office that was occupied by the clerk of the district court before the admission of Idaho as a state. He was then the clerk of the district court for the first, second or third district, as the case might be, consisting of several counties, and was appointed by the judge. Now he is clerk of the district court for a county only, and is elected by the people. It will be noticed, also, that the section of the constitution quoted above is operative the moment the constitution was approved and the state admitted by Congress. This section provides for the first election of clerk. Section 6 of article 18 of the constitution provides that "the clerk of the district court shall be ex-officio auditor and recorder." This clause in the constitution is also self-operative, and applies to the clerk elected at the first election, as well as those thereafter elected.

The clerks of the district courts in the several counties did not hesitate in considering both these clauses self-operative, and assumed all the duties of both offices, if we call them separate offices, as soon after their qualification as they could lawfully get possession thereof, and very properly did so. Thus far the constitution has provided for a clerk of the district court for each county, and has made this officer *ex-officio* auditor and recorder. He is still one person and one officer, although he holds two or three distinct and separate offices, if we please to call them so, and performs the duties of all. We must not confound the office with the officer or person who holds the office. The compensation is not paid to the office of district clerk, nor to the office or offices of auditor and recorder, but to the one person or officer who holds all these offices, and performs the duties thereof. The constitution having created this officer, and directed what positions he shall hold and the duties he shall perform, then proceeds to provide for his compensation, in section 7, substantially as follows: "The clerk of the district court, who is auditor and recorder, shall receive annually, as compensation for his services, not more than three thousand dollars and not less than five hundred (500) dollars." This section, in effect, says that the officer, meaning the person who is clerk of the district court and who is auditor and recorder, and performs the duties of such offices, shall receive as his compensation, etc. It would seem that this reading, which is strictly in accord with the sense and grammatical construction of the section, would make the meaning of these sections of the constitution unmistakable. This section is also self-operative. It does not provide a salary for this officer, and no salary is anywhere in the constitution provided for either position, but fixes a limitation providing that he shall not receive more than $3,000 for any one year, and not less than $500, and provides no means of payment, but, like the other sections referred to, goes into operation as soon as the officer qualifies and enters upon the duties of his office. This section would be operative at once, although the legislature did not provide a schedule of fees for five years after the section went into effect. Its operation does not depend at all upon the

amount of fees the officer may charge and receive, nor the source from which he receives them.   Section 8 of the same article then proceeds to direct how this officer shall be paid, not a salary, but the compensation provided in section 7, and further provides that all fees and commissions that he receives, under whatsoever law he may receive them, in excess of the maximum, shall be paid into the county treasury, and, in case his fees in any one year shall not amount to the minimum, the deficiency shall be paid him by the county.   It will be seen that, in the opinion of the court, the clerk of the district court being *ex-officio* auditor and recorder, and performing the duties of both or all three of these offices, cannot receive, as compensation for his own use, for the performance of all of said duties, any sum in excess of $3,000 for any one year; and this compensation he is to receive in fees and commissions, with the single exception that, if such fees and commissions fall below the minimum, the county shall make up the compensation to that amount.   The judgment of the district court is affirmed.   Costs are awarded to the respondent.

Sullivan, C. J., and Huston, J., concur.

---

(September 12, 1891.)

Woods & Heyburn  (J. Brumback, of Counsel), for Appellant.

Charles W. O'Neil, District Attorney, and George H. Roberts, Attorney General (Albert Hagan, of Counsel), for Respondent.