(February 26, 1895.)

## COUNTY OF ADA v. RYALS, PROBATE JUDGE.

[39 Pac. 556.]

FEES OF PROBATE COURT—JUDGE OR CLERK MAY RECEIVE SAME.—The probate judge may appoint a clerk of the probate court, or he may act as the clerk of his own court, and in either case such clerk may charge and receive the fees provided by law when performing the duties of such position.

MAXIMUM COMPENSATION OF PROBATE JUDGE.—When such judge acts as probate judge, superintendent of public instruction, and clerk of his own court, he can receive and retain from fees and commissions allowed .by law the sum of $2,000 per annum, any sum so received in excess of said amount must be paid over to the county treasurer.

APPOINTING OF CLERK BY PROBATE JUDGE—NOT ENTITLED TO EXTRA COMPENSATION.—When said judge appoints another person clerk of his court the amount of fees and commissions received and retained by both the judge and clerk can amount to only $2,000 per annum.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hawley & Puckett, for Appellant.

It will be urged without doubt that the constitution of the state being a limitation of the legislative power only and not a grant of authority, there is no restriction upon the legislative assembly forbidding the creation of new offices, and that the right to create the office of clerk of the probate court exists. But subdivision 6 of article 18 of the constitution expressly provides that no other county offices than those named in the constitution shall be established. We submit that the clerk of the probate court, if it is intended to segregate the position from that of the judge of probate court is a county officer and that the act of the first session prescribing his fees is unconstitutional. But the constitution, page 21, article 5, makes the probate court a court of record; this implies that the acts and proceedings of such court shall be enrolled for memorial and testimony. (3 Blackstone's Commentaries, 24.) It does not follow, however, that it necessarily implies the appoint-

ment of a clerk. Our statutes have always contemplated that the judge shall act as his own clerk in the probate court.

William F. Ryals, for Respondent.

Section 3844 of the Revised Statutes says: "There shall be a clerk of said court, to be appointed by the judge thereof, or the probate judge may act as clerk of his own court." (1st Sess. Laws, sec. 3, p. 178.) The clerical function of this court must be performed by some person legally endowed with clerical authority so to do, who shall officially sign and seal such documents and records as require his signature and the seal of his office. It is the duty of the clerk of the probate court to keep the office; to keep the seal; to keep the records; to file the papers; to make and keep the dockets of the court, both civil and criminal, etc. Nearly all of these official acts are functions which the probate judge, as such officer, cannot perform at all. The clerk of the probate court is not a county officer at all, within the meaning of the constitution, it not being an elective office, and, therefore, his compensation is not fixed or limited by the constitution. And therefore, there is, by the laws of this state, such an office as clerk of the probate court, and there is no limitation in the constitution upon the power of the legislature to fix the compensation of such clerk.

Defendant was elected probate judge of Ada county, Idaho, October 1, 1890; qualified and entered upon the duties of his office; continued to exercise the duties and hold said office from January, 1891, to January, 1893; was re-elected in November, 1892, and entered upon his second term the second Monday of January, 1893; and was still in said office, at the time of commencement of this suit, March 8, 1894. Said defendant was probate judge and *ex-officio* superintendent of schools during said time, and acted also as *ex-officio* clerk of probate court. During 1891 said defendant received from fees and commissions the sum of $2,344.01, all of which was retained by defendant. During the year 1892, defendant received as fees and commissions by virtue of his said office, and as fees as clerk of the probate court, the sum of $2,284.59, all of which was retained by defendant. During 1893 the de-

fendant received by virtue of said office, and as clerk of probate court, the sum of $2,085.57, all of which was retained. 1. The fees charged by defendant, and received and collected, as clerk of said probate court, in 1891, amounted to more than the sum of $344.01; in 1892, amounted to more than $284.59; and, in 1893, amounted to more than the sum of $85.51.  2. On this state of acts, the questions propounded to the court are as follows: Is a probate judge entitled to act as *ex-officio* clerk of the probate court, or may he appoint a clerk of said court? 3. Is the probate judge, or the clerk appointed by said judge, entitled to fees while acting as clerk of the probate court; and, if so, are such fees to be accounted for as a part of the compensation of said judge?  Is said judge entitled to receive and retain, while acting in all three of the positions named, more than $2,000 per year.  The cause was heard by the district court.  The district court held that defendant was entitled to act as such clerk, and receive fees, which need not be accounted for as part of salary of probate judge, and gave judgment against the county for one dollar and costs.  Plaintiff appeals to this court.

MORGAN, C. J.  (After Stating the Facts.)—The plaintiff contends that section 2, article 5 of the constitution of the state of Idaho, prohibits the probate judge from receiving and retaining more than $2,000 per year for all services rendered by him.  By the terms of section 3844 of the Revised Statutes of Idaho, it is provided that there shall be a clerk of the probate court, to be appointed by the judge thereof, or the probate judge may act as the clerk of his own court.  This law is still in full force and effect.  This is in no sense a county office.  The probate judge, therefore, may appoint a clerk, or he may act as the clerk of his own court.  In either case, such clerk may receive the fees provided by law, when performing the duties of such position.  Section 7 of article 18 of the constitution provides that the probate judge, who is *ex-officio* county superintendent of public instruction, shall receive for his services not more than $2,000, and not less than $500, per annum.  Section 8 provides that such compensation shall be paid by fees or commissions, as prescribed by

law, and all fees and commissions in excess of the maximum must be accounted for and paid to the county treasurer. If the probate judge, under the law, acts as his own clerk, as he may do, all three positions or offices are united in one person. The language of the court in the case of *Hillard v. Shoshone Co.,* 3 Idaho, 103, 27 Pac. 678, is peculiarly applicable to this case. The court says of the clerk of the district court: "Thus far the constitution has provided for a clerk of the district court for each county, and has made this officer *ex-officio* auditor and recorder. He is still one person and one officer,. although he holds two or three distinct and separate offices, if we please to call them such, and performs the duties of all. We must not confound the office with the officer, or person who holds the office." So, with the probate judge, he is made *ex-officio* superintendent of public instruction, and the statute provides that he may act as the clerk of his own court. He is still one person, although performing the duties of all three of these positions; and the constitution (section 18) limits the fees and commissions he may retain for performing such duties to the sum of $2,000 per annum. He may receive fees and commissions in excess of this sum, but must account for and pay over such excess to the county treasurer. It is the opinion of the court that it was the intention of the framers of the constitution to limit the compensation that may be received and retained for the performance of all the duties of probate judge, superintendent of public instruction, and clerk of the probate court, to. the sum of $2,000 per annum; and therefore the probate judge may unite all these offices or functions in himself, and receive all the fees, to the limit named, or he may appoint another person clerk, and permit him to receive such fees. But the fees and commissions received by such judge and such clerk, in excess of $2,000, must be paid to the county treasurer. Any other construction would defeat the plain intent of the constitution. As the probate judge may, and usually does, unite in himself all three of these positions, and perform the duties of each, when doing so, he cannot retain fees and commissions in excess of $2,000 per annum. We think it was the intent of the constitution that this office should not cost the people of the county more

than $2,000 per annum, under any circumstances. The judg-
ment of the lower court is reversed, and the cause remanded
for further proceedings in accordance with this opinion. Costs
awarded to appellant.

Sullivan and Huston, JJ., concur.