[No. 1449.]

## THE STATE OF NEVADA, EX REL. F. H. NORCROSS, RELATOR AND APPELLANT, v. B. C. SHEARER, AS AUDITOR OF WASHOE COUNTY, RESPONDENT.

MANDAMUS—WILL NOT LIE, WHEN.—*Mandamus* will not lie to compel an auditor of a county to issue a warrant on a county treasurer to pay an illegal claim against a town or city.

BOARD OF COUNTY COMMISSIONERS—POWERS OF, UNDER TOWN AND CITY GOVERNMENT ACT.—All the powers and jurisdiction exercised and all the duties performed by boards of county commissioners under the act entitled "An act providing for the government of the towns and cities of this state" (Gen. Stats. 2024, *et seq.*) are exercised and performed by the boards of county commissioners as such boards, and not as boards of trustees or aldermen of the towns or cities.

DISTRICT ATTORNEY—ADVISER OF BOARD OF COMMISSIONERS—COMPENSATION OF—TOWN AND CITY GOVERNMENT ACT.—Under Gen. Stats., sec. 2116, providing for the district attorney "at all times to give his advice, when required, to said commissioners upon matters relating to their duties," it is the duty of the district attorney to assist the board of commissioners in formulating and adopting ordinances, within the scope of their authority, under the town and city government act (Gen. Stats. 2024, *et seq.*), and for such services he is not entitled to additional compensation, even though he should draw such ordinances himself, instead of telling the board how to draw them, or of dictating them to the clerk, it still being in the nature of advice in a matter concerning the duties of the board of commissioners.

APPEAL from the District Court of the State of Nevada, Washoe county; *A. E. Cheney*, District Judge:

Petition for writ of *mandamus* by the State, upon the relation of F. H. Norcross, against B. C. Shearer, as Auditor of Washoe county. The writ was denied and relator appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield*, for Appellant:

I. The district attorney, like all other county officers, derives no power or authority from the constitution. He must seek for his powers and duties in the statutes alone, and he is limited in his actions by the statute. (*State* v. *Washoe Co.*, 14 Nev. 70.)

II. The duties required or authorized to be performed by the district attorney "under and by virtue of the provisions of this act" (Stats. 1881, p. 68), are found in the following sections of the Gen. Stats.: 2027, 2034. The only duties required to be performed by the district attorney in matters relating to the government of towns and cities are those that are declared under and by virtue of the provisions of the act, but nowhere does it state, either directly or by implication, that it is his duty to draw town ordinances.

III. In every instance where duties are imposed on the district attorney by statute, they are prescribed in express terms. See Gen. Stats. 461, 652, 673, 682, 694, 698, 774, 1082–3, 1099, 1105, 1114–17, 1157, 1180, 1183–6, 1244, 1219, 1571, 1586, 1595, 1695, 1960–61, 2034, 2037, 2064, 2087, 2104, 2118, 3712, 3735, 3930–31, 3952–66, 4088, 4093, 4099, 4115, 4405, 4465–66, 4538, 4830, 4864; Stats. 1887, pp. 52, 65, 84; 1889, pp. 54, 73; 1891, pp. 61, 135–139; 1895, p. 101.

IV. Under Gen. Stats. 2104, 2118, it is made the duty of the district attorney to act as public prosecutor to draw all indictments when required. * * * He shall also perform such other duties as may be required by law. He shall, without fee, give his opinion to any assessor, * * * in any matter relating to the duties of their respective offices; * * * shall attend the sittings of the board of county commissioners, * * * and shall at all times give his

advice when required to said commissioners upon matters relating to their duties.

The only provision of the general act, defining the duties of district attorney, that would by any possibility relate to the point in question, is that which provides that he " shall without fee, give his opinion to any county or township officer, on matters relating to the duties of their respective offices, and that he shall at all times give his advice to said commissioners upon matters relating to their duties." But appellant contends that the law requiring the district attorney to give his " opinion " or " advice " to the board of county commissioners, on matters relating to their duties cannot be construed into making it his duty to prepare town ordinances, whenever the board of county commissioners may desire. There is then no law which in express terms makes it the duty of the district attorney of Washoe county to prepare ordinances for the town of Reno at the request or order of the board of county commissioners. There is no law, which by any reasonable construction, would imply that it was the duty of the district attorney to prepare town ordinances.

V. The district attorney of Washoe county is paid a salary for performing certain specific duties. If he performs services for the town of Reno or the county of Washoe that are extra-official, such that the board of commissioners would have to pay some one for doing, he is entitled to receive compensation over and above his salary in payment for the additional services. An officer may be employed to discharge duties which are clearly extra-official and outside the scope of his official duty, and which might be performed by one person as well as another, and he will be entitled to additional compensation therefor. (Am. & Eng. Ency. of Law, vol. 19, p. 530, and cases cited, especially *Evans* v. *Trenton*, 24 N. J. Law, 4 Zab. 764; *Love* v. *Bachr*, 47 Cal. 364; *Coller* v. *U. S.*, 22 Ct. Cl. 125; Am. Digest, 1890, p. 2859; *U. S.* v. *Evans*, 4 Mackey (D. C.) 281.)

VI. In determining whether or not it is the duty of the district attorney to draw town ordinances, appellant invokes the following rules of statutory construction: " If a law is plain and unambiguous, there is no room for construction or

interpretation." (*Brown* v. *Davis*, 1. Nev. 409.) "When the various sections of the statute are clear, plain and unambiguous, the legislature must be understood to mean what it has explicitly expressed. In such a case there is no room for construction." (*Odd Fellows' Bank* v. *Quillen*, 11 Nev. 109.) "When the language of a statute is plain, its intention must be deduced from such language, and courts have no right to go beyond it." (*State* v. *Washoe Co.*, 6 Nev. 409.) "Where the interpretation of a statute in a certain way will result in manifest injustice, courts will always scrutinize the statute closely, to see if it will not admit of some other interpretation." (*State* v. *Krutschnitt*, 4 Nev. 178.)

*T. V. Julien*, for Respondent:

I. The official powers, duties, privileges and responsbilities of all county officers are prescribed by the General Statutes of the state, including the town government act. Officers performing services under the requirements of the town act, do so as county officers. This relator admits. The statutes prescribe certain duties to be performed by the district attorney, and "such other duties as may be required by law," and among "other duties" required by law are those mentioned in the town act. The district attorney is paid a salary for all official services, and the town act, in express terms, prohibits that officer from demanding or receiving compensation for services performed under the provision of that act. (Gen. Stats. 2037.)

II. The services performed by relator were not extra-official. It was as much a part of his official duty to prepare an ordinance at the request of the board as it would be to prepare a contract, deed or other instrument to which the town or county is a party.

III. A person accepting a public office with a fixed salary is bound to perform the duties of the office for the salary, and cannot legally claim additional compensation for additional incidental services, and an express promise to pay extra compensation or allowance of it is void. (Am. & Eng. Ency. of Law, p. 529; *Adams Co.* v. *Hunter*, 78 Iowa, 328; *Griffin* v. *Clay Co.*, 63 Iowa, 413; 3 Saw. 473.)

By the Court, BONNIFIELD, J.:

The town government of the town of Reno, in Washoe county, was organized under an act of the legislature entitled "An act providing for the government of the towns and cities of this state," approved February 26, 1881, and the acts amendatory thereof.

The machinery of the governments of towns and cities organized under the above named acts is placed in the hands of the boards of county commissioners and other county officers of their respective counties. The relator is the district attorney and the respondent is the county auditor of Washoe county. From the record it appears that the relator drew up and presented to the board of county commissioners of Washoe county an ordinance "to regulate licenses in the town of Reno," which the board adopted, and he presented his claim against said town to said board in the sum of fifty dollars, the agreed price between him and said board for said services; that the claim was allowed by the board and certified by the clerk of the board to respondent as county auditor; that the auditor returned said claim to the board with his written objections to its validity attached thereto; that the relator demanded of the auditor that he issue and deliver to him a warrant upon the county treasurer, payable out of the general fund of the town of Reno, and the auditor refused to do so; that the relator by regular proceedings applied to the District Court of the Second Judicial District, in and for Washoe county, for a writ of mandate to compel the respondent to issue such warrant, and that upon the hearing of the application the court dismissed the proceedings. This appeal is from the order of dismissal.

*Mandamus* will not lie to compel the auditor to issue a warrant on the county treasurer to pay an illegal claim. The question then in this case is: Is the said claim of relator a legal claim against the town of Reno?

The above named acts concerning the governments of the towns and cities provide: "In addition to the powers and jurisdiction conferred by other laws, the boards of county commissioners of the counties of this state shall have the following: * * *

"Fourteenth: To pass or adopt all ordinances, rules and

regulations, and do and perform all other acts and things necessary for the execution of the powers and jurisdiction by this act conferred.

"Fifteenth:  To audit and allow all claims properly payable out of the funds of said towns and cities."

It will be observed that all the powers and jurisdiction exercised and all duties performed under the above provisions of the act are exercised and performed by the boards of county commissioners as such boards, and not as boards of trustees or aldermen of the towns and cities.  The act concerning district attorneys (Sec. 2116, Gen. Stats.) requires the district attorney to attend the sittings of the board of county commissioners when he is not engaged in the criminal business of the district court, and " at all times to give his advice, when required, to said commissioners upon matters relating to their duties.  Among the numerous powers conferred on the boards of county commissioners by the town government act are the following:

"Ninth:  To fix and collect a license tax, and regulate all places of business and amusement so licensed."  To exercise these powers and perform these duties, it is necessary for the boards first to formulate and adopt appropriate ordinances therefor.  In doing this they are entitled to the assistance of their legal adviser, and if he, instead of telling them how to draw them, or of dictating them to the clerk, saw fit to draw them himself, it was still in the nature of advice in a matter it was their duty to perform; advice "relating to their duties" in legislating for the town of Reno.  It was a duty required or authorized by the board to be performed by him under and by virtue of said town government act, and this act provides:  "No officer performing any duty under this act shall demand or receive any compensation therefor."  That act also provides that the district attorney and other county officers named, not especially exempted therefrom, shall perform the duties required or authorized to be performed by him or them under and by virtue of the provisions of the act.

We find no provision specially or otherwise exempting the district attorney from advising the board of county commissioners relating to any of their duties in matters pertaining

to the government of towns and cities; but, upon the contrary, we are of opinion that his duties in this respect are the same as to his giving advice to the board concerning any other of its official duties.

Counsel for appellant in his brief says: "The boards of county commissioners have the power to pass or adopt ordinances fixing and regulating licenses, but as boards of county commissioners are generally composed of men not familiar with drafting ordinances, or the language in which they should be couched in order that they may be in conformity with law and without ambiguity, it is necessary as a general rule that they employ some one more familiar with work of this nature."

We fully concur with counsel that these boards are not usually familiar with drafting ordinances or the language in which they should be couched to avoid ambiguity. For this reason the legislature has made it the duty of the district attorney to give them such advice and aid in these matters as may be necessary, and whether such advice and assistance be oral or in the form of an ordinance he is not entitled to extra compensation therefor.

It follows, therefore, that the relator's claim is not "properly payable" out of the funds of the town of Reno, and is illegal. He is paid for all such services by his salary as district attorney.

. "It is a well-settled rule that a person accepting a public office, with a fixed salary, is bound to perform the duties of the office for the salary. He cannot legally claim additional compensation for the discharge of his duties, even though the salary may be inadequate remuneration for the service. Nor does it alter the case that by subsequent statutes or ordinances his duties within the scope of the charter power pertaining to his office, are increased and not his salary. Whenever he considers the compensation inadequate, he is at liberty to resign. The rule is of importance to the public. To allow changes and additions in the duties, properly belonging, or which may properly be attached to an office to lay the foundation for extra compensation would introduce intolerable mischief. The rule, too, should be rigidly enforced. The statutes of the legislature and the ordinances of our

municipal corporations seldom prescribe with much detail and particularity the duties annexed to public offices; and it requires but little ingenuity to run nice distinctions between what duties may and what may not, be considered strictly official; and if these distinctions are much favored by courts of justice it may lead to great abuse. Not only has an officer under such circumstances no legal claim for extra compensation, but a promise to pay him an extra fee or sum beyond that fixed by law is not binding, though he renders services and exercises a degree of diligence greater than could legally have been required of him." (1 Dillon's Municipal Corporations, secs. 233, 234, and cases cited.)

The relator's claim being illegal the auditor had not only the legal authority, but it was his duty to refuse to draw his said warrant on the county treasurer therefor. The question discussed in the first briefs of the respective counsel, as to whether or not the auditor has the legal power to reject claims presented against the town of Reno, we do not pass upon, as that question is not in this case.

The order appealed from is affirmed.