(June 20, 1906.)

In the Matter of the Appeal of GEORGE P. RHEA, Prosecuting Attorney of Washington County, Appellant, v. THE BOARD OF COUNTY COMMISSIONERS, Respondent.

[88 Pac. 89.]

FEES OF CLERK OF THE DISTRICT COURT, EX-OFFICIO AUDITOR AND RECORDER, AND OF THE PROBATE JUDGE—FEES FOR TAKING FINAL PROOF OF CLAIMANTS FOR GOVERNMENT LANDS—FEES FOR PERFORMING MARRIAGE CEREMONIES.

1. The clerk of the district court, ex-officio auditor and recorder, under the provisions of section 7, article 18 of the constitution, and the law carrying that section into effect, must pay quarterly, to the county treasurer, all fees which may come into his hands, from whatever source, over and above his actual and necessary ex-

penses.  This includes all fees for services rendered by virtue of said offices.

2. Under said provisions of the constitution and law, the probate judge must account for and turn into the county treasury all fees received by him for services rendered by virtue of his office, over and above his actual and necessary expenses.

3. The salary paid to such officers, under the law, is in full compensation for all services rendered by them.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District for Washington County. Hon. Frank J. Smith, Judge.

Judgment of the district court rendered on appeal from an order of the board of county commissioners. *Reversed.*

George P. Rhea, Prosecuting Attorney, *pro se.*

A county officer must account for and pay all fees over to the county and report to the board each quarter. (Const., art. 18, sec. 7; Sess. Laws 1899, p. 405; *Clyne v. Bingham County,* 7 Idaho, 75, 60 Pac. 76.)

Where the salary or compensation of a county official is definitely fixed by law, it is generally held that such sum is intended to include his entire official remuneration, and to preclude extra charges for any services whatever. (11 Cyc. of L. & P. 429 (b), citing *Humboldt Co. v. Stern,* 136 Cal. 63, 68 Pac. 324, and many other cases; *Board of County Commrs. of Graham Co. v. Van Slyck,* 52 Kan. 622, 35 Pac. 299; *Raymond v. Commissioners of Madison Co.,* 5 Mont. 103, 2 Pac. 306; *County of Kern v. Fay,* 131 Cal. 549, 63 Pac. 857; *Dodge v. City and County of San Francisco,* 135 Cal. 512, 67 Pac. 973.)   Ordinarily, when an official is allowed a definite salary, he cannot claim compensation for services rendered *ex officio* in any other capacity   (11 Cyc. 434, citing *Dysart v. Graham Co.,* 5 Ariz. 123, 48 Pac. 213; *Henderson v. Pueblo Co.,* 4 Colo. App. 301, 35 Pac. 880; *Barch v. Cutter,* 6 Utah, 409, 24 Pac. 526.)

By accepting the office to which he has been elected, a county officer agrees to accept the salary fixed to that office as full compensation for all services which he may render the county during his term of office, whether they be those enumerated in the statute or not, and he is inhibited from receiving any further compensation for any services which he may render the county. (*County of Humboldt v. Stern,* 136 Cal. 63, 68 Pac. 234; *Raymond v. Commissioners of Madison Co.,* 5 Mont. 103, 2 Pac. 308.)

Frank Harris, for Respondent.

A public officer is not bound to perform all manner of public service without compensation because his office has a salary annexed to it. Nor is he, in consequence of holding an office, rendered legally incompetent to the discharge of duties which are clearly extraofficial, outside of the scope of his official duties. (Mechem on Public Officers, sec. 863; *Evans v. Trenton,* 24 N. J. L. 764.)

SULLIVAN, J.—This is an appeal from the judgment of the district court of Washington county, confirming an order on appeal from the board of county commissioners.

It appears from the record that the clerk of the district court of that county, who was *ex-officio* auditor and recorder, made·and filed with the board of county commissioners his quarterly report of fees received for the quarter ending June 30, 1905; and the probate judge of said county also filed his quarterly report of fees received for the same quarter; that the report of said clerk did not include the fees received by him for a large number of proofs made upon government lands, for each of which he received the sum of $4, and only accounted for and paid over to the county treasurer seventy-five and ninety cents of the $4 fee received by him, and retained and appropriated to his own use the remainder. It is contended by counsel for the appellant that, as said fees were received by reason of the officer holding the office of clerk, he must account for all of said fees. It is also shown by

the record that the probate judge had performed a number of marriage ceremonies, and had received therefor the amount of $5 for each ceremony performed, and had failed to include such fees in his said quarterly report, and the same contention is made in his case.

The only question for consideration is, whether, under the law, the fees so received by the clerk and probate judge must be accounted for and turned in to the county treasurer. It appears from the record that the clerk's salary had been fixed at $1,700 per annum, and the probate judge's salary at $900 per annum. It is contended by appellant that those officers have the right to perform these duties only by virtue of their respective offices, and that as each receives a stated salary annually, under the law, such salary is in full compensation for all services rendered by them; that all fees coming into their hands, by virtue of their respective offices, from whatever source, must be turned over to the county. By the rules and regulations of the general land office of the United States, the clerk of any court of record of the land district in which the land is situated is authorized to take final affidavit and proof from applicants for government lands, and receive certain compensation or fees therefor. It is claimed that such officer is authorized to perform the services rendered in said matter, and charge the fee allowed by virtue of his office and not otherwise. The same may be said of the probate judge. He can only perform marriage ceremonies by virtue of his office, and the law authorizes him to charge a fee of $5, but he may receive any other or larger sum voluntarily given by the parties to the marriage. (Rev. Stats., sec. 2438.) So it will be observed that the probate judge was authorized to charge and collect that fee by virtue of his office. The law fixes the fees that those officers may charge, and also requires the officer to perform such services on payment of the fees prescribed, and any failure or refusal to perform official duty when the fees are tendered, makes the officer liable on his official bond. (Rev. Stats., sec. 2137.)

Section 7, article 18 of the state constitution provides, among other things, "that all county officers shall receive fixed annual salaries, to be paid quarterly out of the county treasury, and that all fees which may come into his hands, from whatever source, over and above his actual necessary expenses, shall be turned into the county treasury at the end of each quarter." And it further provides: "That at the end of each quarter, he shall file with the clerk of the board of county commissioners a sworn statement, accompanied by proper vouchers, showing all expenses incurred and all fees received, which must be audited by the board, as are other accounts."

The language of said section of the constitution is too plain and obvious to require construction, and clearly requires the officer, after retaining his actual and necessary expenses, to turn into the county treasury all the fees that come into his hands, from whatsoever source. This certainly means all fees that come into his hands for services rendered, by virtue of his office. If the clerk of that court and probate judge of Washington county had not held those offices, they could not, and would not, have received the fees referred to. The framers of the constitution, as well as the legislature, certainly meant to require those officers to turn into the county treasury all fees that came into their hands, by virtue of their offices, over and above their actual and necessary expenses. That being true, the judgment of the trial court must be reversed, and it is so ordered, with costs in favor of the appellant.

Stockslager, C. J., and Ailshie, J., concur.

### ON PETITION FOR REHEARING.

(July 7, 1906.)

STOCKSLAGER, C. J.—In this case the respondent insists that this court did not pass upon all the points raised by their motion, and owing to the fact that the case was sub-

mitted on briefs, the court is inclined to hear anything further respondent may have to say in support of their contention; hence a rehearing is granted.

Ailshie, J., and Sullivan, J., concur.

## ON REHEARING.

### (January 5, 1907.)

1. Under the provisions of section 2294 of the Revised Statutes of the United States as amended by act of March 11, 1902 (32 U. S. Stats. at Large, 64), the clerk of the district court who takes homestead or other land proofs must do so in his official capacity and all fees collected by him for such service, whether for "preparing the deposition" or administering the oath and affixing the jurat, are provided for by the statute, and are collected by him in his official capacity and by virtue of his office, and must be accounted for and paid over to the county.

2. Any gratuity received by a probate judge over and above the statutory fee of five dollars for solemnizing a marriage may, under section 2438, Revised Statutes, be retained by him for his individual use and benefit.

(Syllabus by the court.)

AILSHIE, J.—A rehearing was granted in this case on July 7, and the case was again argued at this present term of court. Counsel for respondent urge in the first place that no final judgment has ever been entered from which an appeal could be prosecuted, and that this court is without jurisdiction to determine the case on its merits. This contention is not well founded for the following reasons: In the first place, section 1776 of the Revised Statutes as amended by act of February 14, 1899 (Sess. Laws 1899, 248), provides that "an appeal may be taken from any act, order or proceeding of the board by any person aggrieved thereby," etc. The order of the board of commissioners from which the appeal was taken to the district court was an order entered overruling the county attorney's application and request that the board require the clerk of the district court and probate judge each to include in their quarterly reports all fees received by

them including fees for taking final land proof and solemnizing marriage. The board recited their reasons at some length for refusing to follow the advice of the county attorney and denying his application and request. They also recited the fact that each of these officers had received such fees as the county attorney advised them should be turned into the county. The county attorney appealed from this order of the board and in taking such appeal he was clearly within the provisions of section 1776, *supra*. The district court heard the case on its merits, evidence being introduced at considerable length in relation thereto, and made and filed his findings of fact and entered judgment sustaining and affirming the action of the board of commissioners, and holding that the fees referred to by the county attorney were not such as are required to be turned into the county. This judgment entered by the district court was a final judgment affirming and approving the action of the board of commissioners. The county attorney has appealed from that order, and his case is properly before this court for determination on its merits.

The principal contention made by counsel for respondent on the rehearing is that under section 2294 of the Revised Statutes of the United States as amended by act of March 11, 1902 (32 U S. Stats. at Large, 64 [U S. Comp. Stats. 1905, p. 322]), any person, whether an officer or not, may prepare, depositions of homesteaders and other land claimants and their witnesses, and that the only official act is that of administering the oath, for which the statute allows twenty-five cents. That section so amends the old law as to authorize final proofs to be made before a United States commissioner or a judge or clerk of any court of record within the land district in which the lands claimed are situated. The particular portion of the section which bears upon the question in controversy is' as follows: "The fees for entries and for final proof when made before any other officer than the register and receiver, shall be as follows: For each affidavit, twenty-five cents. For each deposition of claimant or witness, when not prepared by the officer, twenty-

five cents.   For each deposition of claimant or witness when
prepared by the officer, one dollar.   Any officer demanding
or receiving a greater sum for such services, shall be guilty
of a misdemeanor, and upon conviction shall be punished for
each offense by fine not exceeding one hundred dollars." It
will be observed from the foregoing that where the deposition
is prepared by the officer who administers the oath and af-
fixes the jurat, he shall be entitled to collect and receive one
dollar for each deposition, and where the deposition has been
prepared by some one else, he is allowed to collect and receive
twenty-five cents for administering the oath and affixing the
jurat.   Now, it is insisted that since any person can prepare
the deposition the officer may do so as a private citizen,
and that while he may charge the one dollar fee, he will
only be required to account for the twenty-five cents which
is earned and received by him for administering the oath
and affixing the jurat.   The difficulty, and it seems to us the
fallacy in the argument, rests in the fact that under the
statute the only charge that any officer designated therein can
make must be made in his official capacity and under the
statute itself.   A private citizen or any person not authorized
to take these proofs may prepare the deposition for the claim-
ant, and make any charge therefor agreed upon between him
and the claimant, and however much that charge may be,
it will not be à violation of the statute and will not subject
the party to a prosecution thereunder.   But no officer des-
ignated by the statute can make any greater charge either
in his official or individual capacity than that prescribed by
statute.   If he should do so he would be guilty of a misde-
meanor.   He cannot separate himself from the office which
he occupies for the purpose of performing such duty or col-
lecting such or any fee.   It is therefore clear to our minds
that the fee prescribed by section 2294, *supra,* whether for
making the deposition or administering the oath, or for both,
is provided for and collectible by the officer in his official
capacity and by virtue of his office, and not as an individual,
and that he can no more segregate himself from the office

which he occupies for the purpose of collecting one part of the fee than he can for the other. It must be admitted that if the individual were not occupying such office, he might prepare such a deposition and receive any sum therefor that he could collect without subjecting himself to any of the penalties of the statute, but this he cannot do while discharging the duties of such office. The most exhaustive and interesting case bearing upon this subject to which our attention has been called is that of *Finley v. Territory*, 12 Okla. 621, 73 Pac. 273. In that case the Oklahoma supreme court had before them the question as to whether or not a probate judge could retain for his own use and benefit fees and compensation received by him in the discharge of his duties under the act of Congress, authorizing probate judges to file upon and procure patents for townsites. The court held that while the authority to perform the acts in question was granted by act of Congress instead of by the legislature, that nevertheless the power and authority was conferred upon the office instead of the individual, and that it did not create any separate office nor did it entitle him to retain the fees collected under such act. In that case many authorities are cited and reviewed touching the question of fees and compensation of public officers, and the duty of such officers to account for all fees to the county or state, as the case may be. In *State ex rel. Frontier Co. v. Kelly*, 30 Neb. 575, 46 N. W. 714, it was held that where a county clerk who was also a notary public took acknowledgments of deeds, mortgages and certified affidavits and depositions as a notary public, it was his duty to enter upon his fee-book as county clerk and report to the county board every item of fees and compensation received by him for such services. It was held that he could not procure the appointment as notary public and discharge duties as notary which devolved upon him as county clerk, and thereby deprive the county of the benefit of such fees and increase his own salary and compensation by the operation. We are satisfied that under the provisions of our statute and constitution as cited in the original opinion, the fees

claimed by the clerk and the probate judge belong to the county, and should have been reported and turned over to the county. We agree with counsel for respondent that under section 2438 of the Revised Statutes a probate judge may receive any sum "voluntarily given him by the parties" over and above the statutory fee of five dollars for solemnizing marriages. In such case the statute provides specifically that such officer may receive any gratuity, and in that case he is undoubtedly entitled to retain the same, accounting to the county only for the statutory fee. The judgment of the trial court is reversed and cause remanded, with directions to the trial court to take such further action as may be necessary in accordance with the views herein expressed. Costs awarded in favor of the appellant.

Sullivan, J., concurs.

STOCKSLAGER, C. J., Concurring.—I concur, but if it is true that in some of the counties the salary of the probate judge and auditor and recorder has been fixed on a basis that the fees not provided for by statute or labor not enjoined upon such officer by statute should not be accounted for by such officer, or that he was at liberty to retain such fees over and above his salary as fixed by the county commissioners, equity would or should require that the officer be compensated for the labor performed in the amount intended to be paid by the county commissioners. In other words, it is not justice to the officer to fix his salary on a basis that he is to receive and retain certain fees, and thereafter require him to pay such fees into the county treasury, thus reducing the salary contemplated by the county commissioners.