(May 23, 1916.)

RAYMOND L. GIVENS, Plaintiff, v. AUGUST CARLSON, EDWARD SMITH and MANS H. COFFIN, Constituting the Board of County Commissioners of Ada County, State of Idaho, Defendants.

[157 Pac. 1120.]

DELINQUENT TAX LIENS — FORECLOSURE — ATTORNEYS' FEES — PROSE-CUTING ATTORNEY.

1. The services rendered by a prosecuting attorney in foreclosing delinquent tax liens, which have not been assigned, are rendered for the county in the discharge of a duty imposed upon him by virtue of his office, for the performance of which he is paid with the salary fixed by the board of county commissioners pursuant to sec. 18, art. 5, of the constitution, as amended. Sec. 7, art. 18, of the constitution, as amended, which provides that all county officers shall receive fixed annual salaries as full compensation for their services, applies to the prosecuting attorney, and prohibits the payment to him of fees in such foreclosure proceedings.

[As to what are and what are not official acts of public officers, see note in 6 Am. St. 130.]

APPLICATION for writ of mandate. Alternative writ quashed and case dismissed.

Raymond L. Givens and E. P. Barnes, for Plaintiff.

It must be presumed that the legislature intended to afford the county protection in the bringing of these suits by holding the prosecutor liable on his bond; hence to give the plain construction intended by the legislature, the $25 must be paid the attorney, since it is the duty of the court to reconcile and give force and effect to the statute, if possible. (*Grice v. Clearwater Timber Co.,* 20 Ida. 70, 117 Pac. 112; *Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638; *Swain v. Fritchman,* 21 Ida. 783, 125 Pac. 319.)

This construction is especially applicable and necessary under the doctrine of *Spokane County v. Allen,* 9 Wash. 229, 43 Am. St. 830, 37 Pac. 428, when considered in relation to

the duties and obligations as well as liabilities of the bondsmen.

Where an officer's duties are greatly increased, to such an extent as to be beyond what was contemplated by his original line of employment, even though his compensation was governed by statute or by the constitution, the right of such officer to the additional fees authorized by the statute does not violate the constitutional provision.

It is not an increase of salary; it is not an addition nor an item of expense allowed the attorney in connection with the running of his office, but is a specific payment made by the defendant in the action for the express purpose of compensating the attorney for the additional labor involved in the preparation and prosecution of the foreclosure suits. (*Plank v. Hertha,* 132 Iowa, 213, 109 N. W. 732; *Slayton v. Rogers,* 128 Ky. 106, 107 S. W. 696, 697; *Nichols v. Board of Commissioners,* 76 Kan. 266, 91 Pac. 79; *State v. Carson,* 6 Wash. 250, 33 Pac. 428; *Nolan v. Board of Commissioners,* 65 Kan. 57, 68 Pac. 1068; *Nation v. Tulley,* 86 Kan. 564, 121 Pac. 507; *Pillsbury v. Brown,* 45 Cal. 46; *Collier v. Montgomery County,* 103 Tenn. 705, 54 S. W. 989.)

In construing the tax foreclosure law in the light of constitutional provisions, either this fee is to be paid to the prosecuting attorney or, if that cannot be done legally, this court must inevitably reach the conclusion that the county cannot recover this fee at all, and that the fee is not a legal charge which may be collected in these foreclosure proceedings. (*Sarr v. Carson,* 145 Iowa, 525, 124 N. W. 204, 205.)

J. H. Peterson, Attorney General, D. A. Dunning and Herbert Wing, Assistants, for Defendants.

In 1891 the legislature of the state of Washington passed an act to provide for the assessment and collection of taxes. This act in general covered the same ground for Washington as is covered for Idaho in the 1913 act. Each was a general revenue act. This enactment established a procedure for the foreclosure of tax liens, which was required to conform to the procedure in foreclosure of liens and mortgages as in the case of the Idaho statute now under discussion.

A careful examination of the two acts will show them to be identical, in spirit if not in letter, so far as the precise question involved here is concerned.

The supreme court of Washington has construed that portion of the act having to do with the right of the county attorney to claim the fee in the case of *Spokane County v. Allen,* 9 Wash. 229, 43 Am. St. 830, 37 Pac. 428. See, also, *Commonwealth v. Rogers,* 9 Gray (75 Mass.), 278.

That the legislature did not intend the $25 fee to go as a personal perquisite to the county attorney, is evidenced by sec. 143 of the Idaho act.

MORGAN, J.—This is an original application in this court made by the plaintiff, who is prosecuting attorney of Ada county, for a writ of mandate to compel the defendants, who constitute the board of county commissioners of that county, to approve and authorize payment of his claim for $25, which sum he alleges is due to him for services rendered in the foreclosure of a tax lien as provided for in chap. 58, p. 173, Sess. Laws 1913. An alternative writ of mandate was issued, which the defendants moved to quash, and the case was heard upon that motion.

Sec. 137 of chap. 58, *supra,* is as follows: "In case redemption of the property from tax sale is not made within two years from the date of the delinquency certificate, the owner of such certificate must not less than thirty (30) days nor more than ninety (90) days after the expiration of the time of redemption, commence an action in the district court in the county wherein said property is located, for the foreclosure of the tax lien, as provided in this act, and in case such certificate is owned by the county, the county auditor of such county must deliver the same to the county attorney, taking his receipt therefor, who must forthwith institute proceedings in the name of the county auditor as trustee for said county, for the foreclosure of the tax lien, as provided in this act. One or more delinquency certificates affecting the same or different pieces or parcels of property may be included in one action instituted in the name of the county auditor as trustee as

aforesaid, by the county attorney, even though the property affected by the delinquency certificate so included in one action may be owned by several and different persons."

It is provided in sec. 141 of that chapter that "In addition to the tax lien and the costs and disbursements allowed by law, the plaintiff in such action, whether the county or any assignee, shall be entitled to recover and to foreclose as a lien upon such property the sum of twenty-five dollars as attorney's fees." And sec. 143 provides: "All moneys received in the satisfaction of any such judgment in favor of the county shall be paid into the county treasury and apportioned as provided in this act for the apportionment of taxes, except the amount of attorney's fees and costs of suit, which shall be apportioned to the county expense fund."

It is provided by sec. 18, art. 5, of the constitution, as amended, that a prosecuting attorney shall be elected for each county of the state, and shall hold his office for two years and shall perform such duties as may be provided by law; also that he shall receive as compensation for his services a sum not less than $500 per annum, nor more than $1,500 per annum, to be fixed by the board of commissioners of the county at its regular session in July next preceding any general election, to be paid in quarterly instalments out of the county treasury.

Sec. 7, art. 18, of the constitution, as amended, provides that all county officers shall receive, as full compensation for their services, fixed annual salaries to be paid quarterly out of the county treasury as other expenses are paid.

Plaintiff contends that he is entitled to receive the $25 attorney's fee mentioned in sec. 141, chap. 58, *supra,* in addition to the compensation limited and allowed by the constitution and fixed by the board of county commissioners.

There is nothing in chapter 58 of the Sess. Laws of 1913 which tends to prompt the belief that it was the legislative intent that the sum of $25 should be paid to the prosecuting attorney as compensation for his services in foreclosing a delinquent tax lien, unless it be that such an amount is therein mentioned as an attorney's fee. It is expressly provided in sec. 143 of the chapter that the attorney's fee and cost of suit

shall be apportioned to the county expense fund. It can hardly be imagined that had it been the intention of the legislature for this money to be paid to the county attorney, the statute would have been permitted to remain silent as to that intention. Furthermore, it is entirely clear that had the legislature provided for a fee to be paid to the county attorney, in addition to the salary mentioned in the constitution and fixed by the board of county commissioners, that provision would have been violative of sec. 7, art. 18, *supra,* which has frequently been before this court for construction and has each time been construed to limit the amount of compensation which county officers shall receive for services performed in their official capacities. Among the cases are *Hillard v. Shoshone County,* 3 Ida. 103, 27 Pac. 678, *Ada County v. Ryals,* 4 Ida. 365, 39 Pac. 556, *In re Rice,* 12 Ida. 305, 85 Pac. 1109, *Rhea v. Board of County Commissioners,* 12 Ida. 455, 88 Pac. 89, and *McRoberts v. Hoar,* 28 Ida. 163, 152 Pac. 1046.

In the Rice case it was held that the fees earned by the county treasurer when acting as public administrator must be turned into the treasury as the property of the county. In case of *Rhea v. Board of County Commissioners* the right of a county clerk to retain fees earned by him for services rendered in taking proofs made upon government land claims and the right of the probate judge to retain the statutory fees for performing marriage ceremonies were called in question, and it was decided that, under the provisions of sec. 7, art. 18, of the constitution, such officers were not entitled to retain those fees, but that they were the property of the county.

It is entirely clear that the services rendered by the prosecuting attorney in foreclosing delinquent tax liens, which have not been assigned, are rendered for the county pursuant to a duty imposed upon him by virtue of his office, and for the performance of which he is paid with the salary fixed by the board of county commissioners pursuant to sec. 18, art. 5, of the constitution. It is equally clear that sec. 7, art. 18, providing that all county officers shall receive fixed annual salaries *as full compensation for their services* applies to the plaintiff in

his official capacity, and would prohibit the payment of his claim even had the legislature attempted to authorize it.

In the argument of this case it was brought to the attention of the court that certain boards of commissioners in the state have entered into contracts employing counsel, other than the prosecuting attorneys of their counties, to foreclose delinquent tax liens and have agreed to pay such counsel, for their services, from county funds. While the right of such boards to so expend public moneys is not, at this time, before the court for decision, we feel that it may not be amiss to suggest that under the terms of chapter 58, Sess. Laws 1913, and particularly sec. 137 thereof, it is made the official duty of the prosecuting attorney to perform this service, and that, therefore, unless some necessity for the employment of other counsel appears, the county board is not justified in the expenditure of public funds for that purpose.

In case of *Meller v. Board of Commrs. of Logan County*, 4 Ida. 44, 35 Pac. 712, the late Chief Justice Huston, delivering the opinion of this court, quoting from Cooley's Const. Limitations, said: "The legislature cannot take from a constitutional officer a portion of the characteristic duties belonging to that office, and devolve them upon an officer of its own creation." And, further: "If this cannot be done by the legislature, will it be seriously contended that it can be done by a board of county commissioners?" (See, also, *Hampton v. Board of Commissioners of Logan County*, 4 Ida. 646, 43 Pac. 324.)

The alternative writ heretofore issued is quashed and the case is dismissed. Costs are awarded to defendants.

Sullivan, C. J., and Budge, J., concur.