[No. 2119, May 6, 1918.]
STATE ex rel. MIERA v. FIELD, County Treasurer.

### SYLLABUS BY THE COURT.

Where, by law, the duty of performing certain work is cast upon a designated county official, for which compensation is provided by law, it is not competent for the board of county commissioners to employ other persons to do the work required of such county official and pay for such services. The duty of preparing the assessment roll rests upon the county assessor, and a contract made by the board of county commissioners with a private individual to do such work is ultra vires.

Appeal from District Court, Socorro County; Mechem, Judge.

. Mandamus by the State, on relation of Constancio Miera, against N. A. Field, Treasurer of Socorro county, Demurrer to petition sustained, and judgment entered for defendant, and relator appeals. Affirmed.

E. BACA and M. U. VIGIL, (M. J. McGUINNESS, of Santa Fe, of counsel) for appellant.

County commissioners may exercise such powers as arise by necessary implication from those expressly conferred upon them.

State ex rel. Miera v. Field, 24 N. M. 168.

Sub-section 89, section 1150, Code 1915; sub-section 127, section 1188, Code 1915; sub-section 138, section 1199, Code 1915; sub-section 139, section 1200, Code 1915; sub-section 140, section 1201, Code 1915; Agua Pura Co. vs. Mayor, etc., 10 N. M. 6, 60 Pac. 208; Coler vs. Board, 6 N. M. 88, 27 Pac. 619; Board vs. Davis, 150 P. 324; Leavenworth vs. Keller, 6 Kans. 510; Emberson vs. Adams Co., 142 N. W. 294; 11 Cyc. 391, and cases; Cent. Dig. Counties, Sec. 55; Dec. Dig. Counties, Sec. 47.

HARRY P. OWEN, District Attorney, of Los Lunas, and HARRY L. PATTON, Attorney General, for appellee.

There is but one question in this case. Can the county commissioners make a valid contract with a private person for the discharge of any portion of the duties of a county officer? We assert they can not.

11 Cyc. 473; Chase v. Boulder Co., 37 Colo. 268, 86 Pac. 1011; Stevens vs. Henry, 4 L. R. A. (N. S.) 339, with valuable foot-note; City of Ft. Wayne v. Lehr, 88 Ind. 62; State ex rel. Baca v. Montoya, 20 N. M. 104.

#### OPINION OF THE COURT.

ROBERTS, J. Appellant, as relator, applied for a writ of mandamus against the appellee, as treasurer of Socorro county, to compel him to pay two warrants issued to and in favor of appellant by the board of county commissioners of said county. The petition for the writ alleged that relator had been employed by the board of county commissioners to complete the assessment books of Socorro county for the year 1916; that it was agreed between the board and relator that he should be paid the sum of $300 for the work; that after relator had completed the assessment books, and extended the taxes thereon, it was discovered that the state tax commission had, by mistake, included an erroneous levy by which it became necessary to correct the assessment rolls; that relator was employed to make the nec-

essary corrections by the board, and it was agreed that he should be paid the sum of $300 therefor. He alleged the full performance of the contract on his part, the drawing of the warrant by the order of the board of county commissioners, and the refusal of the county treasurer to pay the same. The court sustained a demurrer to the petition, and judgment was entered for the appellee.

The case here turns on the single question as to the authority of the board of county commissioners to employ and pay for services which the law requires to be performed by a county official, and for the doing of which he receives a compensation fixed by law. The statute provides for the election of a county assessor, prescribes his duties, and fixes his salary. Chapter 54, laws 1915, makes it the duty of the county assessor to prepare the assessment roll for his county, and he is required to correct such roll upon the order of the state tax commission.

Appellant argues that because, by virtue of the statute, the board of county commissioners has the care of the county property and the management of the interests of the county, and the right to make contracts and do all other acts with reference to its property and affairs, necessary to the exercise of corporate or administrative powers by the county, it had the power to make the contract in question. This contention, however, is not tenable. Where, by law, the duty of performing certain work is cast upon a designated county official for which compensation is provided by law, it is not competent for the board of county commissioners to employ other persons to do the work required of such county official and to pay for such services. Chase v. Boulder County, 37 Colo. 268, 86 Pac. 1011, 11 Ann. Cas. 483; Stevens v. Henry, 218 Ill. 468, 75 N. E. 1024, 4 L. R. A. (N. S.) 339, 4 Ann. Cas. 136. A great many cases discussing the proposition and in accord with the views herein expressed will be found referred to in the cases cited. See, also, State ex rel. Coleman v. Board

of Com'rs of Dickinson County, 77 Kan. 540, 95 Pac. 392, 16 L. R. A. (N. S.) 476; Storey v. Murphy, 9 N. D. 115, 81 N. W. 23; Platte County v. Gerrard, 12 Neb. 244, 11 N. W. 298; Baker v. Commissioners (Okl.) 150 Pac. 714. In the case of State ex rel. Baca v. Montoya, 20 N. M. 104, 146 Pac. 956, this court held that the board of county commissioners cannot employ a deputy assessor and pay him a salary, as this would be clearly an increase in the assessor's compensation, because the county would thereby pay such compensation, which otherwise the assessor himself would be required to pay.

Appellant cites some cases which seemingly support his contention; but, when examined carefully and read in connection with the statutory provisions of the different states, they are clearly distinguishable from the present case. He cites many cases from Indiana which will be found collected in the case of Garrigus v. Howard County, 157 Ind. 103, 60 N. E. 948. The right of the board of county commissioners to compensate for searching for omitted property and placing the same upon the tax roll in the cases from Indiana was sustained upon the theory that it was not the duty of any county official to perform this work. This is clearly pointed out in the cases of State ex rel. Workman v. Goldthait, 172 Ind. 210, 87 N. E. 133, 19 Ann. Cas. 737, and Board of Commissioners v. Workman (Ind.) 116 N. E. 83.

In the present case the warrants were drawn in favor of appellant to pay for services which the law required the county assessor to perform, and for this reason the contract between the board of county commissioners and appellant was ultra vires.

The court properly sustained the demurrer, and its judgment will be affirmed; and it is so ordered.

HANNA, C. J., and PARKER, J. concur.