325 P.2d 282

Patrick F. HANAGAN and Kermit Nash, Plaintiffs-Appellees,

v.

The BOARD OF COUNTY COMMISSIONERS OF The COUNTY OF LEA, State of New Mexico, Defendant-Appellant.

No. 6351.

Supreme Court of New Mexico.

April 24, 1958.

Rehearing Denied May 29, 1958.

Appellees, the District Attorney of the Fifth Judicial District, and his assistant, under a contract with the Board of County Commissioners, handled all matters pertaining to a proposed bond issue and sale of the general obligation bonds of Lea County for the construction of a court house and jail. For their services, the board agreed to pay them a fee equivalent to 1% of the proceeds of the bond issue, when and if the bonds were sold.

In due time the bonds were sold in an amount totalling $1,200,000, however, the board was advised that it had exceeded its authority in making the contract, and that payment for such services should not be made. Appellees' complaint is based on two counts; first, the contract; and second, quantum meruit. The trial court sustained the contract. Judgment was entered accordingly and appellant brings the cause here fore review.

The case turns on whether in handling the bond issue for the commission, appellees were engaged in the performance of official duties.

The answer is found in the following provisions:

Fred M. Standley, Atty. Gen., Robert F. Pyatt, Paul L. Billhymer, Asst. Attys. Gen., for appellant.

Edwards & Reese, Neal & Neal, Hobbs, for appellees.

COMPTON, Justice.

"No officer of the state who receives a salary, shall accept or receive to his own use any compensation, fees, allowance, or emoluments for or on account of his office, in any form whatever, except the salary provided by

law." Article XX, Section 9, Constitution of New Mexico.

"There shall be a district attorney for each judicial district, who shall be learned in the law, and who * * shall be the *law officer of the state and of the counties within his district,* * * * *and shall perform such duties and receive such salary as may be prescribed by law.*" Article VI, Section 24, Paragraph 1, Constitution of New Mexico.

"No district attorney shall receive to his own use any salary, fees or emoluments other than as herein prescribed. No other or additional allowance shall be made or paid for or on account of any assistant or assistants heretofore or here after appointed by any district attorney." Section 17–1–4, N.M.S.A.1953 Comp.

"It shall be the duty of the district attorney:

  *    *    *    *    *    *

"2.   To represent the county before the board of county commissioners of any county in his district in all matters coming before such board, whenever he is requested to do so by the board of county commissioners, and he may appear before such board when sitting as a board of equalization without such request;

"3.   *To advise* all county and state officers whenever such advice is requested;" Section 17–1–11, N.M.S.A. 1953 Comp. * * * (Emphasis ours.)

The Constitution makes the district attorney the law officer of the state and the counties within his district; the statute defines his duties and requires him, among other things, to represent the county when requested by the board, and to advise all county and state officers as to their official duties, when so requested. It is perfectly clear that boards of county commissioners have no duties to perform other than official duties. It is also clear that all services rendered to such boards by district attorneys, are official duties. It follows, therefore, that there are no legal services that can be rendered by a district attorney for the Board of County Commissioners for which he may exact extra compensation. The very act of advising the board with respect to the validity of the contract in question, was an official act, one required of that office. State ex rel. Ward v. Romero, 17 N.M. 88, 125 P. 617. See also State ex rel. Miera v. Field, 24 N.M. 168, 172 P. 1136; Delgado v. Delgado, 42 N.M. 582, 82 P.2d 909, 118 A.L.R. 1175.

We are convinced that district attorneys are precluded from receiving fees or compensation other than the salary provided by law for services rendered the counties of their district. The duties of

assistant district attorneys are the same as those imposed on district attorneys, § 17-1-2, 1953 Comp., and the inhibition applies to those officials as well.

Appellees contend that the duties of district attorneys are only those expressly imposed upon that office by statute, and that handling of bond matters is not one of such duties. It is true, the law does not expressly impose that particular duty upon him, but as previously stated the statute does impose the duty of rendering legal advice regarding bond matters. Yuma County v. Fidelity Title Guaranty Co., 24 Ariz. 33, 206 P. 587; Givens v. Carlson, 29 Idaho 133, 157 P. 1120; State ex rel. Norcross y. Shearer, 23 Nev. 76, 42 P. 582.

Appellees forcefully argue that our own cases, State v. Davidson, 33 N.M. 664, 275 P. 373, and State ex rel. Clancy v. Hall, 23 N.M. 422, 168 P. 715, are controlling. These cases are not authority for the question under review. They hold that the legislature may authorize the employment of attorneys and payment for their services under certain circumstances, not whether law officers of the state or county, themselves, may receive additional compensation for the performance of official duties.

■ We take note of the opinions of former Attorneys General which are said to reach conclusions contrary to the views herein expressed. While opinions of the Attorney General are entitled to great weight, we will devote but little time to them. It is enough to say that appellees obviously relied on them as authority for the contract in question. Nevertheless, to the extent they may conflict with the conclusions announced, they must be overruled. First Thrift & Loan Ass'n v. State, 62 N.M. 61, 304 P.2d 582.

The judgment must be reversed with directions to the lower court to set aside the judgment. It is so ordered.

LUJAN, C. J., and SADLER and McGHEE, JJ., concur.